(132 So. 457)

**In re OPINIONS OF THE JUSTICES.**

**In re APPORTIONMENT OF REPRESENTA-
TION IN THE LEGISLATURE.
No. 11.**

Supreme Court of Alabama.
Feb. 20, 1931.

#### Senate Resolution.

Be it resolved by the Senate of Alabama, that:

"Wheieas, It is necessary that the Legislature be advised of the construction of Sections 50, 197, 198, 199 and 200 of the Constitution of Alabama as to the number of representatives and senators, and what number may now be apportioned to new counties which have been created since the adoption of the Constitution.

Now, therefore, be it resolved, that the Justices of the Supreme Court of Alabama be, and they are hereby, requested by the Senate of Alabama to give it an advisory opinion with respect to the following questions:

1. Do Section 50 and Section 198 of the Constitution of 1901 fix the number of members of the Senate and of members of the House of Representatives at thirty-five (35) Senators and One Hundred and Five (105) Representatives, plus one (1) new member for each county created after the adoption of the Constitution, so that no additional members can be added to either the Senate or the House of Representatives without a constitutional amendment, or does Section 199 of the Constitution, providing that "it shall be the duty of the Legislature at its first session after the taking of the decennial census of the United States in the year 1910, and after each subsequent decennial census, to fix by law the number of representatives and apportion them among the several counties of the State according to the number of inhabitants in them respectively, provided that each county shall be entitled to at least one (1) representative", authorize the Legislature to provide that the House of Representatives may

consist of more than One Hundred and Five (105) members, plus one (1) member for each new county created after the adoption of the Constitution?

2. If the Legislature may now fix by law the number of representatives at more than One Hundred and Five (105), plus one (1) for each new county, what is the limit, if any, to the number of members that it may provide that the House of Representatives may have?

3. In re-apportioning the representatives should the new county added be given only representative and if not, on what basis should the Legislature proceed in determining how many representatives the new county shall have?

·4. Section 200 of the Constitution provides that "it shall be the duty of the legislature at its first session after taking of the decennial census of the United States in the year nineteen hundred and ten, and after each subsequent decennial census, to fix by law the number of senators, and to divide the state into as many senatorial districts as there are senators, which districts shall be as nearly equal to each other in the number of inhabitants as may be, and each shall be entitled to one senator, and no more." Under this provision of the Constitution can the Legislature now provide for more than thirty-five. (35) senators, and if so, what limit, if any, is there on the number of senators that the Legislature can provide for?

5. What is the greatest number of senatorial districts that may now be created and what is the least number?

To the Senate of Alabama:

Replying to your resolution of the 18th, we beg leave to say as follows, to wit:

█ 1 and 2. Section 50 of the Constitution of 1901 fixed the maximum number of senators at 35, and of the representatives at 105, except when a new county is created and which shall be entitled to one representative. If this provision stood alone, the Legislature would have the right to reduce the number, both as to the senators and representatives as to any number; but it does not stand alone, as section 199 provides for at least one representative for each county, and the number of representatives cannot therefore be reduced below the number of existing counties.

Section 197 also deals with the number of senators and provides that the number should not be less than one-fourth or more than one-third of the whole number of representatives.

Section 198 is similar to section 50 as to representatives, that is, shall consist of not more than 105 members, unless new counties should be created.

It therefore stands to reason that the only increase in the number of representatives can be by the creation of new counties, and the only way in which the present senate can be enlarged is by the creation of new counties.

█ 3. It would seem that when a new county is created it can be given only one representative, and which shall be its status until a reapportionment under section 200. It is inconceivable that simply because a new county is created, it shall for all time have but one representative regardless of a population greatly in excess of many other counties. We therefore think that in a reapportionment after the creation of a new county, its representations should be fixed on a population basis as applicable to all counties.

█ 4. We do not think that the Legislature under a reapportionment as directed by section 200 of the Constitution can provide for more senators than we now have, as we have but 106 representatives which cannot be increased except by creating new counties, and we already have 35 senators and an additional one would increase the number in excess of one third of the representatives.

█ 5. The Constitution fixes the number of senatorial districts so as to correspond with the number of senators, and as the number of senators cannot under present conditions exceed 35 or be less than 26, the senatorial districts must be the same.

JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
A. B. FOSTER,
Associate Justices.