No. 3800

## Second Circuit

PORTER v. KINNEY ET AL.

(February 26, 1931. Opinion and Decree.)
(April 9, 1931. Rehearing Refused.)

Booth & Grafton, of Shreveport, attorneys for plaintiff, appellee.

Bryan E. Bush, of Shreveport, attorney for E. J. Cather, defendant, appellant.

## ON MOTION TO DISMISS

DREW, J. Plaintiff caused this suit to be entered seeking to foreclose a materialman's lien against lot No. 1485 of the Cedar Grove addition to Shreveport, together with all buildings and improvements thereon, for an amount of indebtedness of $114.40, with interest and costs. The suit was filed under date of July 15, 1926; service of plaintiff's petition was made on the defendant Charles Kinney on July 19th; on the defendant Annie E. H. Williamson on July 19th; and on E. J. Cather on July 15, 1926.

The suit was brought against the three defendants under allegations setting forth that Annie E. H. Williamson was the owner of the property at the time of the purchase of the materials, and that Charles Kinney was either her agent or the contractor in erecting the improvements on the lot; and that E. J. Cather had become the subsequent purchaser of the property.

The defendant Annie E. H. Williamson appeared under date of July 31, 1926, and filed answer to plaintiff's petition. No pleadings were filed by either of the other defendants. On March 21, 1927, plaintiff filed a supplemental and amended petition in which he amended paragraph 2 of his original petition. Service of this amended petition was accepted by the attorneys of record for Annie E. H. Williamson, and service of citation was made on the defendant Cather on March 23, 1927. No answer was filed by any of the defendants to the supplemental petition, and on October 26, 1927, a preliminary default was entered against all of the defendants on the supplemental petition.

The cause was regularly set for trial for April 25, 1929. However, on date of trial no appearance was made by the defendant Annie E. H. Williamson, the only one who had filed answer. The case was called for trial and due trial had. The evidence adduced was presented orally and was not reduced to writing. The trial court rendered judgment immediately upon the conclusion of the evidence in favor of plaintiff, and against the defendant Annie E. H. Williamson, only, as prayed for. Judgment was read, signed, and filed on May 8, 1929. Later, plaintiff caused a writ of fieri facias to issue and caused the lot on which he had a lien and privilege to be seized.

On October 16, 1929, and after judgment had been rendered against the defendant Annie E. H. Williamson recognizing plaintiff's lien and privilege against the lot, E. J. Cather appeared in court and filed a plea of prescription. The cause was then set for trial on the plea of prescription, and the court rendered judgment refusing to consider such plea, for the reason that it came too late. This judgment was signed on January 11, 1930.

On January 29, 1930, defendant filed a petition for a devolutive appeal from the judgment against Annie E. H. Williamson, and the judgment refusing to consider his plea of prescription, which appeal was granted. It is now before this court for consideration.

Appellant was a third person as to the judgment against Annie E. H. Williamson rendered on May 8, 1929, and so considers himself. He alleges that he is aggrieved by the judgment and therefore has a right of appeal therefrom. This contention is

correct, provided he complies with the law in securing said appeal.

Appellee has filed in this court a motion to dismiss the appeal, alleging that defendant Annie E. H. Williamson was not cited nor served with petition for appeal, and that the judgment refusing to consider the plea of prescription is not such a judgment as can be appealed from, being only an interlocutory judgment.

The judgment against Annie E. H. Williamson was rendered on the 8th day of May, 1929, and on January 11, 1930, judgment was rendered refusing to consider the plea of prescription as coming too late, which judgment was signed on January 11, 1930. On January 27, 1930, the defendant filed a petition for devolutive appeal from both judgments, and only prayed for citation on the plaintiff. The defendant Annie E. H. Williamson was not cited nor was there any prayer for service or citation on her. Therefore the appeal from the judgment rendered against Annie E. H. Williamson will have to be dismissed. Pratt v. Village of Bastrop, 136 La. 271, 66 So. 969; Levert v. Shirley Planting Co., 135 La. 210, 65 So. 111; State v. Wickliffe, 21 La. Ann. 755; Escoubas v. Calcasieu Sulphur Mining Company, 33 La. Ann. 484; Canulette Shipbuilding Co. v. Monday, 4 La. App. 522.

As to the refusal of the lower court to pass on the plea of prescription, as coming too late, and the interlocutory judgment rendered so holding, the recourse of appellant was not by appeal. Therefore the appeal therefrom will have to be dismissed.

It is therefore ordered, adjudged, and decreed that the appeal be dismissed, at appellant's cost.