39 So.2d 665

**In re OPINION OF THE JUSTICES.**
No. 92.

Supreme Court of Alabama.
March 30, 1949.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the Governor under Code 1940, Title 13, § 34, as to validity of Act, Gen.Acts 1945, p. 598, proposing an amendment to the Constitution.

The Honorable Chief Justice and
Associate Justices of the
Supreme Court of Alabama
Montgomery, Alabama
Gentlemen:

Important constitutional questions have arisen concerning the validity of the constitutional amendment (herein called "the amendment") proposed by Act No. 383 of the 1945 Regular Session of the Legislature of Alabama (General Acts of Alabama, 1945, p. 598), and proclaimed a valid amendment to the constitution by proclamation made by the Governor on November 14, 1946.

The said Act No. 383 was introduced as House Bill No. 458 (herein called "H 458"). Section 1 of H. 458, as originally introduced and as originally adopted, appointed as the day for the election on the amendment the first Tuesday following the expiration of three months after the final adjournment of the 1945 Session of the Legislature. The first Tuesday following the expiration of said period was on October 2, 1945.

The House and Senate Journals of the 1945 Regular Session of the Legislature reveal the following facts as to the passage of H. 458: After being duly adopted in both Houses of the Legislature and after being duly signed by the Speaker of the House of Representatives and by the President of the Senate, H. 458 was delivered to the Secretary of State at 11:25 a. m. on June 28, 1945,* the 59th legislative day (House Journal, p. 1707). Thereafter and on the same day, H.J.R. 64 providing for the return by the Secretary of State of H. 458 for further consideration was adopted in both Houses of the Legislature (House Journal, p. 1656; Senate Journal, p. 1353), and H.J.R. 66 providing for the erasure by the Speaker of the House and by the President of the Senate of their respective signatures on H. 458 and for reconsideration of that bill by the Senate was adopted in both Houses (House Journal, p. 1660; Senate Journal, p. 1362). Neither H.J.R. 64 nor H.J.R. 66 is shown to have been signed by the presiding officers of the respective Houses of the Legislature. The Speaker of the House and the President of the Senate thereupon erased their signatures (House Journal, p. 1660; Senate Journal, p. 1363). Upon reconsideration of H. 458 by the Senate, an amendment thereto was introduced and adopted which amended Section 1 of H. 458 so as to provide that the election on the amendment should be held at the next general election (Senate Journal, p. 1364), and, as amended, H. 458 was again read in the Senate at length and passed by a vote of 25 yeas and no nays (Senate Journal, p. 1364). The House of Representatives concurred in and adopted the Senate amendment to H. 458 by a vote of 77 yeas and 2 nays (House Journal, p. 1672). On June 29, 1945, the 60th Legislative day, the Standing Committee of the House of Representatives on Engrossed and Enrolled Bills reported that H. 458 was correctly enrolled (House Journal, pp. 1712, 1716), and the Speaker of the House and the President of the Senate thereupon again signed H. 458, as finally amended (House

---

* The printed House Journal (at Page 1707) for June 28, 1945, contains a certificate by the Clerk of the House stating that H. 458 was delivered to the Secretary of State at 11:25 a. m. on June 25, 1945. H. 458 was actually delivered to the Secretary of State at 11:25 A. M. on June 28, 1945, as is shown by the register in the office of the Clerk of the House. The numerals "25" apparently represented a typographical error for "28". H. 458 had not been finally adopted on June 25, 1945. The House Journal for each day invariably contains a certificate from the Clerk listing the bills delivered to the Executive Department on that day.

Journal, p. 1716; Senate Journal, p. 1394). At 10:30 a. m. on June 29, 1945, the 60th legislative day, H. 458 was again delivered to the Secretary of State (House Journal, p. 1802).

The amendment was submitted to the qualified electors of the State at the general election held on November 5, 1946. The question has been raised whether the action taken by the two houses of the legislature with respect to H. 458 after its recall from the Secretary of State was invalid and whether as a result of the invalidity of such action, the day appointed by the legislature for the election upon the amendment was the day appointed in the act as originally adopted, viz., October 2, 1945.

A copy of the bill as originally introduced, with the amendments thereto, is enclosed. It appears from the House and Senate Journals that the bill was originally adopted and sent to the Secretary of State after the first of said amendments thereto had been adopted, and that the second of said amendments (amending Section 1 so as to provide for submission of the amendment at the next general election) was adopted as stated above after the recall of H. 458 from the Secretary of State.

Elections have been held in a number of municipalities pursuant to the provisions of the amendment, and in some of those municipalities taxes have been levied and collected under authorization of such elections and of the amendment. The municipalities in which such elections have been held have entered into commitments and have prepared budgets in reliance upon the collection of the taxes authorized by such elections and by the amendment. I am informed that a number of other municipalities contemplate holding elections under the amendment in the near future. It is, therefore, of the utmost importance that the validity of the amendment be determined.

Pursuant to the provisions of Title 13, Section 34, Alabama Code of 1940, I respectfully request that you answer the following important constitutional questions:

1. Was the appointment of the next general election after the final adjournment of the 1945 Regular Session of the Legislature as the day for the election on the amendment a valid appointment within the meaning of the provisions of Section 284 of the Constitution, as amended, requiring the legislature to appoint the day upon which elections on proposed amendments to the constitution shall be held?

2. Was November 5, 1946 the day appointed by the Legislature for the election on the amendment, or was October 2, 1945 the day so appointed?

3. Did either Section 284, as amended, or Section 63 of the Constitution of Alabama require the reading of H. 458, as amended after its recall from the Secretary of State's office, three times on three several days in each House of the Legislature?

4. Did Section 62 of the Constitution of Alabama require that H. 458, as amended after its recall from the Secretary of State's office, be referred to a standing committee of each House?

5. Was the amendment of H. 458 after its recall from the Secretary of State invalidated by reason of the fact that neither H.J.R. 64 nor H.J.R. 66 was signed by the presiding officer of each House of the Legislature?

Respectfully submitted,

Signed James F. Folsom, Governor

Wm. Alfred Rose, Ellene Winn and White, Bradley, Arant & All, all of Birmingham, filed brief, amicus curiae.

To the Governor of Alabama
State Capitol
Montgomery, Alabama.

Dear Sir:

Your communication, containing several inquiries on constitutional matters relating to the constitutional amendment proposed by Act No. 383 of the 1945 Regular Session of the Legislature of Alabama, General Acts of Alabama 1945, p. 598, and proclaimed a valid amendment to the Constitution by proclamation by the Governor on November 14, 1946, is hereby acknowledged and will be hereto attached.

1. We consider that the appointment of the date of the next general elec-

tion after the final adjournment of the 1945 Regular Session of the Legislature as the date for the election on the amendment was a valid appointment within the meaning of § 284 of the Constitution as amended. Accordingly your first question is answered in the affirmative.

 This court has had occasion from time to time to consider the nature of the powers conferred on the legislature by Article XVIII of the Constitution which is composed of §§ 284 through 287 inclusive and has held that all acts of the Legislature in connection with proposing and submitting constitutional amendments, including designation of the date for elections thereon, are governed exclusively by §§ 284, 285 and 287 of the Constitution. In re Opinion of the Justices, 227 Ala. 296, 149 So. 781; Jones v. McDade, 200 Ala. 230, 75 So. 988; Johnson v. Craft, 205 Ala. 386, 87 So. 375. Furthermore the powers conferred by the sections which make up Article XVIII are conferred on the Legislature as an entity and not in its law-making capacity under the Constitution. Jones v. McDade, supra; Johnson v. Craft, supra. This is another way of saying that the provisions of the Constitution governing the Legislature in its exercise of its law-making powers do not apply to the process of proposing and submitting constitutional amendments.

 The only provision in Article XVIII of the Constitution with reference to the Legislature's duty to fix the day for the election upon constitutional amendments is in the part of § 284 which is as follows: "Amendments may be proposed to this constitution by the legislature in the manner following: The proposed amendments shall be read in the house in which they originate on three several days, and, if upon the third reading three-fifths of all the members elected to that house shall vote in favor thereof, the proposed amendments shall be sent to the other house, in which they shall likewise be read on three several days, and if upon the third reading three-fifths of all the members elected to that house shall vote in favor of the proposed amendments, the legislature shall order an election by the qualified electors of the state upon such proposed amendments, to be held either at the general election next succeeding the session of the legislature at which the amendments are proposed or upon another day appointed by the legislature, not less than three months after the final adjournment of the session of the legislature at which the amendments were proposed."

The provision for three readings in each house of the Legislature on the several days applies only to "the proposed amendments." The legislative designation of the day for an election upon a proposed constitutional amendment is not required to be, although it may be, incorporated in the act or resolution proposing the amendment. Since there are no requirements as to the form which a legislative appointment of the day for election must take and no requirement as to reading in either house of the provisions for such appointment, the Legislature could amend H. 458 after its passage and delivery to the Secretary of State without any reading of the act as so amended, the act having been recalled from the Secretary of State prior to its amendment. The Legislature was still in session when it adopted the amendment to § 1. We know of no reason why the Legislature, while still in session, could not recall H. 458 from the Secretary of State for further consideration and amendment. Whatever might be the situation where a statute is involved which has become a law, the reasons which there might control, do not here obtain. The recall and revision of a proposal to be ultimately considered and decided by the voters is different from the attempted recall of a statute which has become a law. An act or resolution proposing an amendment is "wholly ineffectual" in the language of Jones v. McDade, supra, until given life by the electorate. In Doody v. State, 233 Ala. 287, 171 So. 504, 506, the bill had "found its way into the hands of the Governor," but had not reached the Secretary of State. In Doody v. State, supra, the question now under consideration was expressly left open when the court used the following words: "We have not before us any question concerning a result if the proposed amendment had in fact reached the office of the secretary

of state, and that matter is therefore left undetermined."

2. Since we consider, as pointed out, that the Legislature's appointment of the day of the next general election as the day for the election on the amendment was a valid appointment, then November 5, 1946 was the day so appointed.

Your third question has been covered by our discussion of the first question. The answer to the third question is in the negative.

4. In keeping with what has been said, our answer to your fourth question is in the negative.

5. We answer your fifth question in the negative. "§ 66 of the Constitution, requiring the signatures of the presiding officer of each house on all bills and joint resolutions is not applicable to any action of the Legislature taken under Article XVIII of the Constitution. City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61. Further comment is not necessary in view of what has been said in answer to your first four questions.

Respectfully submitted,
(signed) JOEL B. BROWN
ARTHUR B. FOSTER
J. ED. LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
Associate Justices