47 So.2d 713

### In re OPINION OF THE JUSTICES.

No. 116.

Supreme Court of Alabama.

Aug. 10, 1950.

Senate Resolution No. 8

By the Rules Committee

Be it resolved by the Senate of Alabama, That the Justices of the Supreme Court, or a majority of them, are hereby respectfully requested to give this body their written opinion concerning the following important constitutional questions:

1. Are proposed amendments 1 and 2 as set forth in the attached proposed bill, which is incorporated herein and made a part hereof, within the power of the Legislature to initiate under the provisions of Section 284 of the Constitution, as amended?

2. Do said proposed amendments infringe the constitutional restriction placed on the Legislature in Section 284 of the Constitution, as amended?

Be it resolved further, That the Justices are requested to return their opinions to the

Secretary of the Senate, whether this body be in session or not, and the Secretary shall cause the same to be incorporated in the Journal.

Adopted Aug. 10, 1950.

The bill referred to in the resolution is in pertinent part as follows:

## A Bill

### To be entitled
### An Act

To propose amendments to the Constitution of Alabama relating to the Legislature and the members thereof.

Be It Enacted by the Legislature of Alabama:

Section 1. The following amendments to the Constitution of Alabama are proposed, to become valid as a part of the Constitution when approved by a majority of the qualified electors voting thereon and upon proclamation by the Governor:

### Amendments

"1. The House of Representatives of Alabama shall be composed of one representative from each county.

"2. The Senate of Alabama shall be composed of three senators from each congressional district of the State, to be elected at large by the qualified electors of the counties composing the districts, except in the case of one county constituting a separate congressional district, which shall elect two senators; in the event more than one candidate for senator offers from the same county only the candidate from that county receiving the highest number of votes shall be eligible to nomination or election to the Senate, except in the case of one county constituting a separate district as aforesaid."

To the Senate of Alabama,

Montgomery.

Sirs:

In response to Senate Resolution No. 8 we submit the following:

Your first question is answered No, and your second question is answered Yes.

Section 284, as amended, of the Constitution of Alabama of 1901 provides the manner by which amendments to that instrument may be proposed by the Legislature of Alabama. It also provides that "Representation in the legislature shall be *based upon population,* and such *basis of representation* shall not be changed by constitutional amendments."

■ The power to propose amendments to the Constitution is not inherent in the legislative department, and in the absence of a provision in the Constitution conferring such power on the legislature, it has no capacity thus to initiate amendments. Where, however, by the Constitution, the legislative department is authorized to submit amendments to the Constitution, its authority in that regard is restricted only by the limitations contained in that instrument and by the prohibitions of the Federal Constitution. 16 Corpus Juris Secundum, Constitutional Law, § 9, page 37; Johnson v. Craft, 205 Ala. 386, 87 So. 375. See, Collier v. Frierson, 24 Ala. 100; In re Opinion of the Justices, 222 Ala. 355, 133 So. 457.

■ The official proceedings of the Constitutional Convention of 1901 (see Vol. 3, Official Proceedings, Constitutional Convention of 1901, pages 3906–3924) clearly disclose the purpose of the convention to withhold from the legislature the authority to propose amendments to the organic law which would effectively *change the basis of representation in the legislature.* Unquestionably, the above quoted provision of section 284, supra, withholds from the legislature the power and authority to initiate amendments to the Constitution which would have the effect of changing the basis of representation in the legislature to other than a population basis.

It is equally clear the proposed amendments 1 and 2 would have the effect of changing the basis of representation in the legislature to other than a population basis.

Respectfully submitted,

JOEL B. BROWN,
J. ED LIVINGSTON,
THOMAS S. LAWSON
ROBERT T. SIMPSON,
Associate Justices.