178 So.2d 641

**OPINION OF THE JUSTICES.**

**No. 184.**

Supreme Court of Alabama.

Sept. 16, 1965.

Questions of the House of Representatives to the Justices of the Supreme Court as to House Bill 61. Questions answered.

House Bill 61 recites:

A BILL
TO BE ENTITLED
AN ACT

"To fix the number of members in the house of representatives of the legislature

and provide for apportionment of the members among the several counties.

"BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

"Section 1. The house of representatives of the legislature of Alabama shall consist of 106 members distributed among the several counties and representative districts as constituted herein, as follows:

| "District | County or Counties | Representatives |
|---|---|---|
| #1 | Autauga | 1 |
| #2 | Baldwin | 1 |
| #3 | Barbour and Henry | 1 |
| #4 | Bibb and Perry | 1 |
| #5 | Blount | 1 |
| #6 | Bullock and Pike | 1 |
| #7 | Butler | 1 |
| #8 | Calhoun | 3 |
| #9 | Chambers | 1 |
| #10 | Cherokee and Cleburne | 1 |
| #11 | Chilton | 1 |
| #12 | Choctaw and Washington | 1 |
| #13 | Clarke | 1 |
| #14 | Clay and Coosa | 1 |
| #15 | Coffee | 1 |
| #16 | Colbert | 1 |
| #17 | Conecuh | 1 |
| #18 | Covington | 1 |
| #19 | Cullman | 1 |
| #20 | Dale | 1 |
| #21 | Dallas | 2 |
| #22 | DeKalb | 1 |
| #23 | Elmore | 1 |
| #24 | Escambia | 1 |
| #25 | Etowah | 3 |
| #26 | Fayette and Lamar | 1 |
| #27 | Franklin | 1 |
| #28 | Geneva | 1 |
| #29 | Greene and Hale | 1 |
| #30 | Houston | 2 |
| #31 | Jackson | 1 |
| #32 | Jefferson | 21 |
| #33 | Lauderdale | 2 |
| #34 | Lawrence | 1 |
| #35 | Lee | 2 |
| #36 | Limestone | 1 |
| #37 | Macon | 1 |
| #38 | Madison | 4 |
| #39 | Marengo | 1 |
| #40 | Marion and Winston | 1 |
| #41 | Marshall | 1 |
| #42 | Mobile | 10 |
| #43 | Monroe | 1 |
| #44 | Montgomery | 5 |
| #45 | Morgan | 2 |
| #46 | Pickens | 1 |
| #47 | Crenshaw and Lowndes | 1 |
| #48 | Randolph | 1 |
| #49 | Russell | 1 |
| #50 | Sumter | 1 |
| #51 | Shelby | 1 |
| #52 | St. Clair | 1 |
| #53 | Talladega | 2 |
| #54 | Tallapoosa | 1 |
| #55 | Tuscaloosa | 3 |
| #56 | Walker | 2 |
| #57 | Wilcox | 1 |

"Representatives shall be elected at large by the electors of the whole district. Each place to be filled shall be numbered and each candidate for office shall designate in the announcement of his candidacy the number of the place for which he is a candidate. No person shall be a candidate for more than one place at the same time.

"Section 2. Code of Alabama 1940, Title 32, Section 1, and all other laws or parts of laws in conflict with this Act are hereby repealed."

House Resolution 10 recites:

"BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, H.B. 61:

"1. If enacted, would this bill, which constructs districts composed of two coun-

ties for the election of members of the House, and denies some counties separate representation in the House, violate Article 9, Section 199 of the Constitution of Alabama?

"2. Does this bill in legal effect propose a constitutional amendment which would require a three-fifths vote of all the members elected to the House under Article 18, Section 284 of the Constitution, as amended?

"RESOLVED FURTHER that the Clerk of the House is hereby directed to send seven true copies of the pending bill, H.B. 61, as amended, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution."

TO THE HOUSE OF REPRESEN- TATIVES

Replying to your Resolution of September 15, 1965, we beg leave to say as follows:

Section 199 of the Constitution recites:

"It shall be the duty of the legislature at its first session after the taking of the decennial census of the United States in the year nineteen hundred and ten, and after each subsequent decennial census, to fix by law the number of representatives and apportion them among the several counties of the state, according to the number of inhabitants in them, respectively; provided, that each county shall be entitled to at least one representative."

■ It is obvious that pending H.B. 61 violates the last proviso of Section 199 of the Constitution of 1901 which reads: "provided, that each county shall be entitled to at least one representative."

■ But we must consider this question in the light of existing Federal decisions when the question was asked. We know, and the Legislature knows, a Federal court will reapportion the Legislature of Alabama if the Legislature does not do so immediately. And even if the Legislature does reap-

portion itself, that reapportionment must be in line with the recent rulings of the Supreme Court of the United States.

It is our considered opinion that the decision of the Federal Supreme Court in Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, modified the quoted provision of Section 199, and that any act which provided for at least one representative for each county would be rejected by the Federal courts on the doctrine of "equal population" and "one person, one vote" as promulgated in Reynolds v. Sims, supra; Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821; Maryland Committee for Fair Representatives v. Tawes, 377 U.S. 656, 84 S.Ct. 1429, 12 L.Ed.2d 595.

■ While we disagree with these decisions, we are nevertheless bound by them, and the case of Reynolds v. Sims, supra, was from Alabama and Section 199 of our Constitution was one of the sections considered by the Federal Supreme Court in that decision.

It follows that we must say, in all candor, that we believe that the quoted proviso in Section 199 has been held to be violative of the equal protection clause of the Federal Constitution in the Reynolds case, and is, therefore, not controlling as to any plan the Legislature might evolve in trying to meet the guidelines set out in the Federal Court decisions.

To illustrate: Coosa County has a population of 10,726 according to the 1960 Federal census. If, under the equal population doctrine, Coosa had one representative, Jefferson (634,864) would have 60, Mobile (314,301) 30, Montgomery (169,210) 16, Etowah (96,980) and Calhoun (95,878) 9 each, Franklin (21,988) and Pickens (21,882) 2 each, and so on. Therefore, any bill limiting the House membership to 106 members and still giving each county at least one representative could not meet the equal population doctrine.

We, therefore, answer your first question in the affirmative, but with the additional statement that the Federal Supreme Court has ruled Section 199 inoperative and appli-

cation of the quoted proviso "would be constitutionally impermissible."

■ 2. In the light of our answer to the first question, and limiting this answer to what we have said respecting the last proviso in Section 199 of the Constitution of Alabama, it is our opinion that the effect of the bill is not to present a constitutional amendment, and a proposed amendment would not be required.

Respectfully submitted,

J. ED LIVINGSTON,
    Chief Justice
THOMAS S. LAWSON
JOHN L. GOODWYN
PELHAM J. MERRILL
ROBERT B. HARWOOD
    Associate Justices

## TO THE HOUSE OF REPRESENTATIVES

I respectfully answer your inquiry of September 15, 1965, by expressing my opinion as follows:

Section 199 of the Constitution recites:

"It shall be the duty of the legislature at its first session after the taking of the decennial census of the United States in the year nineteen hundred and ten, and after each subsequent decennial census, to fix by law the number of representatives and apportion them among the several counties of the state, according to the number of inhabitants in them, respectively; provided, that each county shall be entitled to at least one representative."

Reference to the corresponding section of previous Constitutions indicates that the proviso, "that each county shall be entitled to at least one representative," first appears in the Constitution of 1868. It appears, without material change, in the Constitutions of 1875 and 1901. Alabama Constitution Annotated, Skinner, pages 691, 692.

Referring to the Official Proceedings, Constitutional Convention 1901, Vol. 2, page 2351, we note the remarks of the Chairman of the Committee on Legislative Department, who had formerly served as a member of Congress and as Governor of Alabama. During the course of debate on an amendment to increase the number of Representatives and Senators, Governor Oates said:

"The apportionment accepts the universal rule that every county shall have a representative and the apportionment in respect to any additional representatives and Senators is purely arbitrary. As a rule we take the population as a basis and approximate as near as we can so as to do the least injustice to any part of the State."

In 1931, in an advisory opinion, the Justices of this court said:

"1 and 2. Section 50 of the Constitution of 1901 fixed the maximum number of senators at 35, and of the representatives at 105, except when a new county is created and which shall be entitled to one representative. If this provision stood alone, the Legislature would have the right to reduce the number, both as to the senators and representatives as to any number; but it does not stand alone, as section 199 provides for at least one representative for each county, and the number of representatives cannot therefore be reduced below the number of existing counties." In re Opinions of the Justices, 222 Ala. 355, 356, 132 So. 457, 458.

Under the provisions of House Bill 61, twenty of the counties, as named in the bill, will have ten representatives; that is, each of the twenty counties will have, in effect, one-half of a representative. In that respect, House Bill 61 violates the provision of Section 199 which says that each county is entitled to at least one representative.

My opinion is that your first question, therefore, should correctly be answered in the affirmative. I must frankly admit that according to recent federal decisions, mentioned in the opinion of the majority of the justices, the federal courts would probably

answer your first question in the negative and hold that House Bill 61 does not violate Section 199 of the Constitution of 1901. I am nevertheless of opinion that the correct answer is in the affirmative.

If your second question must be answered categorically, as yes or no, my opinion is that it must be answered in the negative. The bill does not propose an amendment to the Constitution and I do not think it may be given the effect of proposing a constitutional amendment.

On the other hand, your question indicates that you understand that House Bill 61 does not propose an amendment to the Constitution. The question suggests that you wish to inquire whether an amendment to the Constitution, made as provided in Section 284 of the Constitution, would be necessary if House Bill 61 is not to violate Section 199 of the Constitution.

I have expressed the opinion that House Bill 61 violates Section 199. It would follow, then, that an amendment of Section 199 is necessary if House Bill 61 is not to be in violation of Section 199.

<div style="text-align:center">

Respectfully submitted,
JAMES S. COLEMAN, Jr.
Associate Justice