BOLIN, Justice
(concurring specially).
The main opinion states that “[t]he Trust Fund is, insofar as its purposes are concerned, no different than a charitable trust.” 3 So.3d at 839. Inasmuch as Amendment No. 450 (now § 219.02, Aa. Const. 1901 (Off.Recomp.)) creates an express trust that is not a private trust, I agree that the Aabama Trust Fund is in the nature of a charitable trust. I write specially to comment that, notwithstanding the fact that Pate in this action alleged and argued only that he had standing as a taxpayer and/or as a beneficiary of the Trust Fund, there remains the question of what person or entity would have standing to enforce the trust as a settlor.
*841 A settlor is defined in § 19-3B-103(16), Ala.Code 1975, as
“a person, including a testator, who creates, or contributes property to, a trust. If more than one person creates or contributes property to a trust, each person is a settlor of the portion of the trust property attributable to that person’s contribution except to the extent another person has the power to revoke or withdraw that portion.”
(Emphasis added.) Assuming that the oil and gas capital payments obligated to the trust res or trust capital are being “contributed” by the State of Alabama, that accounts for only one of the possible types of potential settlors embraced in the definition above.
The Trust Fund was created not by legislative act, but rather, by the ratification of Amendment No. 450 by the citizens/electors of the State. Amendment No. 450 begins by stating: “For the continuing benefit of the state of Alabama and the citizens thereof, there is hereby created an irrevocable, permanent trust fund named ‘the Alabama trust fund’ which shall be funded and administered in accordance with the provisions of this amendment”; it ends by stating that “[t]his amendment shall be self-executing .... ” (Emphasis added.) The legislative act proposing Amendment No. 450 was wholly ineffectual until it was given life by the electorate — the legislature can propose a constitutional amendment, but cannot ratify one. See In Re Opinion of the Justices No. 92, 252 Ala. 89, 39 So.2d 665 (1949), and Gafford v. Pemberton, 409 So.2d 1367 (Ala.1982). I would submit that the Trust Fund is an express trust created by the citizens of the State of Alabama and funded by the sale of State assets, so that both the citizens and the State are joint settlors of the trust.
Contrary to the Restatement (Second) of Trusts, § 391 (1959), the Uniform Trust Code, in § 19-3B-405(c), Ala.Code 1975, specifically provides that “[t]he settlor of a charitable trust, among others, may maintain a proceeding to enforce the trust.” (Emphasis added.) The question is therefore posed: Who has the authority, and attendant standing, to carry out the power of enforcement conferred by this section with regard to the Trust Fund? A trustee is a fiduciary and has a fiduciary’s obligation to marshal and take possession of all assets that properly belong to the trust res. Section 19-3B-809, Ala.Code 1975, directs that “[a] trustee shall take reasonable steps to take control of and protect the trust property.” Section 19-3B-812 further directs that “[a] trustee shall take reasonable steps to compel a ... person to deliver trust property to the trustee. ...” These sections from the Uniform Trust Code combine to grant the settlor of a charitable trust the right to maintain a proceeding to compel a negligent or recalcitrant trustee to take control of trust property, and, if necessary, to compel a person to deliver trust property to the trust. In addition to the right of a trust beneficiary who has enforcement standing by virtue of an “actual or imminent, particularized, concrete, and palpable injury,” Town of Cedar Bluff v. Citizens Caring for Children, 904 So.2d 1253, 1261 (Ala.2004) (See, J., concurring specially), the legislature clearly granted an additional right to a sole or joint settlor of a charitable trust to enforce that trust; unfortunately, however, the legislature was not as clear in setting out what person or entity actually possesses that standing as a settlor.
Notwithstanding any ability Pate may have had to bring suit as a settlor to enforce the trust, either as a member of the citizenry who created the trust or as a representative of the same, it could not have been successful. A suit to enforce a trustee’s duty must be brought against the trustees of the trust. In this action, Pate *842 sued only three of the nine trustees of the Trust Fund — the governor, the finance director, and the state treasurer, both in their official capacities and as trustees of the Trust Fund. Therefore, even assuming that Pate would have standing as a settlor, there would have been a failure to name indispensable parties to the action.