PARKER, Justice
(concurring specially).
On April 28, 2011, the Alabama Legislature passed Act No. 2011-197 (“Act No. 197”), a Senate Joint Resolution, creating the “Constitutional Revision Commission” (“the commission”). Act No. 197 charged the commission with reviewing certain articles of the Alabama Constitution and ■with recommending amendments to that document to the legislature.
On November 5, 2012, Sandra Bell filed a declaratory-judgment action, naming as defendants in their official capacities Attorney General Luther Strange, Lieutenant Governor Kay Ivy, President Pro Tem-pore of the Alabama Senate Del Marsh, Speaker of the Alabama House Mike Hubbard, and Secretary of State Beth Chapman. In her complaint, Bell asked the trial court to declare Act No. 2012-275 (“Act No. 275”) and Act No. 2012-276 (“Act No. 276”), Ala. Acts 2012, violative of Art. XVIII, § 286, Ala. Const.1901, which provides the exclusive means of rewriting the Alabama Constitution. According to Bell, Act No. 197 circumvented the exclusive procedure for proposing a new constitution, as provided in § 286, by establishing the commission to recommend changes in the Alabama Constitution article by article. She also asked the trial court to declare that the legislature exceeded its constitutional authority by enacting Act No. 275 and Act. No. 276. She further sought an injunction prohibiting the secretary of state from certifying the results of the November 2012 vote on Amendments 9 (Act No. 275) and 10 (Act No. 276), which propose repealing and replacing certain sections of the Alabama Constitution.
On January 16, 2018, the trial court dismissed Bell’s complaint on the basis that her complaint failed to state a justicia-ble controversy. On February 21, 2013, Bell filed her notice of appeal. On appeal, Bell addresses her arguments exclusively to Act No. 197, the joint resolution establishing the commission, instead of to Act No. 275 and Act No. 276, the acts proposing article by article constitutional amendments to a vote of the people. Thus, Bell has waived her arguments as to Act No. 275 and Act No. 276.
For that reason, I concur with the Court’s affirmance of the trial court’s dismissal of Bell’s complaint. I write separately to express my concern not with Act No. 197 specifically, but with legislative proposals, allegedly proposed to the people pursuant to Art. XVIII, § 284, Ala. Const. 1901, to amend many sections of the Alabama Constitution by the validation of a single amendment, as was done with Act No. 275 and Act No. 276, which resulted in Amendments 9 and 10, respectively, being placed on the November 6, 2012, ballot.
As Chief Justice Torbert noted in his special concurrence in State v. Manley, 441 So.2d 864 (Ala.1988):
“There is a difference between the power of the Legislature to enact statutes and the power to change the Constitution. Jones v. McDade, 200 Ala. 230, 75 So. 988 (1917). In Bourbon v. Governor of Maryland, 258 Md. 252, 257-58, 265 A.2d 477, 480 (1970), the Maryland Court of Appeals, considering the legis *670 lature’s role in initiating constitutional change, wrote:
“ ‘[T]he legislature does not exercise its ordinary legislative power or any sovereignty of the people that has been entrusted to it but acts under a limited power which the people have conferred upon it and which with equal propriety and appropriateness might have been conferred upon either house, the governor, a special commission or other body or tribunal. In proposing amendment of the Constitution the legislature does not have the plenary powers it has in enacting laws but only the powers specifically delegated to it.’
“(Citations omitted). The Legislature has plenary power with respect to statutory matters, but only a limited power as to constitutional matters. Johnson v. Craft, [205 Ala. 386, 87 So. 375 (1921) ]; Opinion of the Justices [No. 92 ], 252 Ala. 89, 39 So.2d 665 (1949). In regard to its powers to change the Constitution, the Legislature, as the representative of the people, has only those powers specifically granted by the people through the Constitution. Opinion of the Justices [No. 116], [254 Ala. 183, 47 So.2d 713 (1950) ].”
Manley, 441 So.2d at 877-78 (Torbert, C.J., concurring).
The people, through the Alabama Constitution, have entrusted to the legislature two powers in regard to amending or changing the constitution: 1) to propose an amendment to the people for validation by their vote, pursuant to either § 284 or Art. XVIII, § 284.01, Ala. Const.1901, and 2) to call a constitutional convention, pursuant to § 286, which will commence only upon a majority vote of the people. The effect of an article-by-article amendment approach is the creation of a third legislative power in regard to changing the constitution. This is an enlargement of legislative power in contravention of Art. I, § 2, Ala. Const. 1901, which provides, in pertinent part: “That all political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit.... ”
It is the “tendency of vested power to broaden and exalt itself.” Ellingham v. Dye, 178 Ind. 336, 345, 99 N.E. 1, 4 (1912). For this reason, it is “[t]he people[] in whom resides the vital power in reference to organic law” and not the legislature. Collier v. Frierson, 24 Ala. 100, 105 (1854). Through the constitution, the people have “ ‘prescribe^] the exclusive modes by which it may be altered or amended, or its effect and operation changed.’ ” Manley, 441 So.2d at 873 (quoting Johnson v. Craft, 205 Ala. 386, 393, 87 So. 375, 380 (1921)). As stated by Chief Justice Torbert, the legislature is limited to the powers entrusted to it by the people. Because of the tendency of governments to expand their own power and suppress the rights of the people, this Court must vigilantly protect the “inalienable and indefeasible right” of the people to create and maintain the form and function of the State “in such manner as they may deem expedient.” Art. I, § 2, Ala. Const.1901.