Members of the Senate
Alabama State House
Montgomery, Alabama 36180
Dear Senators:
We have received Senate Resolution No. 44, which states, in pertinent part:
“[W]e respectfully request the Honorable Chief Justice and Associate Justices of the Alabama Supreme Court, or a majority of them, to give this body their written opinions on a constitutional question which has arisen concerning the following pending Senate Bills: SB253 relating to impeachment of certain public officials; SB258 relating to the Legislative Department; SB259 relating to the Executive Department; SB261 relating to the Separation of Powers of Government; and SB276 relating to Homestead Exemptions.
“Section 284 of the Constitution of Alabama of 1901 (the constitution) prescribes the manner in which amendments to the constitution may be proposed by the Legislature. Three-fifths of all members elected to both the House of Representatives and the Senate must approve proposed amendments, after which the proposals must be voted upon by the electorate, and if approved by a majority of the voters, become a valid part of the constitution.
“In a September 27, 2018, decision of the Alabama Supreme Court, Bell v. Strange, [143 So.3d 668 (Ala.2013) ], the court discussed the role of Section 284 in amending the constitution.[1]
“Because the purpose of the Senate Bills cited is to propose various amendments to the constitution to be submitted to the voters of the state, and in deference to this legislative body so that we may properly and constitutionally perform the duties of our office, written opinions are requested concerning the following important constitutional question:
“If pending Senate Bills 258, 258, 259, 261, and 276 are passed in compliance with the requirements of Section 284 of the Constitution of Alabama, would they be constitutionally valid proposed constitutional amendments?”
We respectfully decline to issue an advisory opinion with respect to the question presented.
QUESTION DECLINED.
Respectfully Submitted,
/s/ Lyn Stuart
Lyn Stuart
/s/ Michael F. Bolin
Michael F. Bolin
/s/ Glenn Murdock
Glenn Murdock
/s/ Greg Shaw
Greg Shaw
/s/ James Allen Main
James Allen Main
/s/ A. Kelli Wise
A. Kelli Wise
/s/ Tommy Bryan
Tommy Bryan
Associate Justices
*59 Members of the Senate
Alabama State House
Montgomery, Alabama 36130
Dear Senators:
I have received Senate Resolution No. 44, requesting an advisory opinion on whether the amendments to the Alabama Constitution of 1901 proposed by five senate bills would be constitutionally valid if passed by the legislature and then sent to the voters for ratification pursuant to § 284 of the Alabama Constitution of 1901. Seven Justices have declined to issue an advisory opinion on the question requested.[1]
The reference in Senate Resolution No. 44 to Bell v. Strange, 143 So.3d 668 (Ala.2013), indicates that the Senate wishes to know whether the amendments proposed by the five senate bills may be collectively submitted to the voters by the amendment procedure of § 284, or whether such a large-scale simultaneous revision of the Alabama Constitution may be submitted to the voters only through the mechanism of a constitutional convention as provided in § 286 of the Alabama Constitution of 1901.[2]
Section 284 authorizes the legislature to submit “proposed amendments” to the voters for ratification if three-fifths of the members elected to both the Senate and the House of Representatives approve them. Section 286 authorizes the legislature, by a majority vote, to call an election on the question of holding a constitutional convention. If the voters approve, the convention may act “for the purpose of altering, revising, or amending the existing Constitution.”[3]
In my dissent in Bell v. Strange, I examined at length State v. Manley, 441 So.2d 864 (Ala.1983), which held that the legislature may not use § 284 to propose an entirely new constitution but must for that purpose use the constitutional-convention method of § 286. I applied the guidance and analysis of Manley to the question presented in Bell: whether a rewriting of the entire constitution, by attaching each article to a separate amendment like cars in a train, would unconstitutionally circumvent the people’s prerogative to control constitutional revision through the § 286 constitutional-convention process. I concluded in Bell that this process is unconstitutional.
The proposed amendments would repeal and rewrite Article III, Distribution of Powers of Government; Article IV, Legislative Department; Article V, Executive Department; Article VII, Impeachments; and Article X, Exemptions. Overall, these proposed amendments, if adopted, would rewrite five major articles of the Alabama Constitution, which comprise 41% of its individual provisions. The substantial impact of these proposed amendments actually understates the scope of the project *60 from which they originated and of which they are a part. Act No. 2011-197, Ala. Acts 2011, created a “Constitutional Revision Commission” whose goal was to revise 11 out of the 18 articles of the Alabama Constitution. Eight members of the commission are legislators or are appointed by the legislature. The drafting engine of the commission is the Alabama Law Institute, an advisory body to the legislature. Thus, Act No. 2011-197 created a mechanism controlled by the legislature to completely revise the Alabama Constitution, a task historically reserved to a convention of the people, which may only be called by popular vote pursuant to § 286 of the Constitution.
Justice Parker, in his special concurrence in Bell, addressed the constitutionality of “an article-by-article amendment approach” to accomplish a general revision of the Constitution:
“The people, through the Alabama Constitution, have entrusted to the legislature two powers in regard to amending or changing the constitution: 1) to propose an amendment to the people for validation by their vote, pursuant to either § 284 or Art. XVIII, § 284.01, Ala. Const.1901, and 2) to call a constitutional convention, pursuant to § 286, which will commence only upon a majority vote of the people. The effect of an article-by-article amendment approach is the creation of a third legislative power in regard to changing the constitution. This is an enlargement of legislative power in contravention of Art. I, § 2, Ala. Const.1901, which provides, in pertinent part: ‘That all political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit....”’
Bell v. Strange, 143 So.3d at 670 (Parker, J., concurring specially) (emphasis added). By Justice Parker’s reasoning, the Senate’s proposal to amend five articles of the Constitution as part of an ongoing global revision of that document is unconstitutional as neither lying within the grant of power of § 284 nor conforming with the requirements of § 286.
Constitutional revision should not be initiated by a body that is itself a creation of the very constitution it seeks to revise and that thus may seek to mold the document to serve its own parochial institutional interests. Instead, revision belongs to the people themselves, the rightful creators of the Constitution. For example, unlikely to appear in any proposed constitutional revision initiated by the legislature are term limits. The Constitutional Revision Commission did include an “alternative” proposal that “Legislators elected in 2014 and thereafter are limited to 20 years total service in the legislature.” This provision, though modest, does not appear in Senate Bill 258, the proposed amendment of Article IV, the legislative article. Similarly, one is unlikely to see in a constitutional-revision package authored by the legislature a reduction in legislative activity, such as a return to biennial sessions[4] or enlarged restrictions on the legislative power to tax and to spend.
Part of the design of Act No. 2011-197 has already been implemented through the revision of Articles XII (Corporations) and XIII (Banks and Banking), which revision was proposed and adopted in 2012. The currently proposed amendments are the next set of cars on the revision train. Still to come, according to Act No. 2011-197, are Articles I, IX, XIV, and XVII. Six of the remaining seven articles “shall be excluded from consideration by the commission due to a previous revision of the article or because revision is not considered *61 needed....” Act No. 2011-197, paragraph (e). The final article on taxation “is excluded from consideration by the commission at this time.” Act No. 2011-197, paragraph (f). Thus, the entire Alabama Constitution — from Article I through Article XVIII — has come under the scrutiny of the legislature’s Constitutional Revision Commission. In short, the Alabama Legislature is conducting an in-house constitutional convention disguised as a series of discrete amendments offered under § 284 to circumvent the requirement that the constitution may be “revised” only by a constitutional convention under § 286.[5]
The article-by-article revision process of Act No. 2011-197 is a carefully designed plan to deny the people their right to control the revision of the constitution through the convention process. As this Court held in Manley: “[T]he legislature’s power to initiate proceedings toward a new constitution is limited to the provisions of § 286.” 441 So.2d at 876. Thus, “only conventions have the power to make sweeping change.” 441 So.2d at 879 (Torbert, C.J., concurring specially). “‘[T]he purpose of the legislative mode is to bring about amendments which are few and simple and independent; and on the other hand, that of the mode through Conventions is to revise the entire Constitution _’ ” 441 So.2d at 869 (quoting John Alexander Jameson, A Treatise on Constitutional Conventions § 574c (4th ed. 1887)). “ ‘[W]henever a Constitution needs a general revision, a convention is indispensably necessary.’” Bell, 143 So.3d at 681 (Moore, C.J., dissenting) (quoting Jameson, § 219 (emphasis added)). A legislature desirous of revising the Alabama Constitution has one — and only one — option at its disposal: “pass[ ] an act or resolution calling a convention.” Ala. Const.1901, Art. XVIII, § 286.
Stretching out the constitutional-revision process over a number of years by submitting to the people two, three, or five revised articles per general election under the amendment procedure of § 284 does not change the reality that a nearly total revision of the Alabama Constitution is occurring. By wresting the convention process from the people, the legislature has unconstitutionally made itself the paramount mechanism of constitutional revision. “Revision by commission” is an unauthorized method by which to propose to the people of Alabama a comprehensive rewriting of the constitution.[6] The legislature has the power only to amend the constitution, not to revise it. “The people of this State ... have decreed that they reserve, in revising or replacing the Constitution, a role much more active than merely passing upon a proposal someone else has written.” Manley, 441 So.2d at 877 (Torbert, C.J., concurring specially).
Contemplating separation from Great Britain in 1775, Patrick Henry described the question as “one of awful moment to our country.” 3 Moses Coit Tyler, Patrick Henry 140 in III American Statesmen (John T. Morse, Jr., ed. 1887). The ques *62 tion propounded by the Senate regarding the validity of a legislative initiative to revise the Alabama Constitution likewise is “one of awful moment” to the integrity of our state constitution and to the prerogative of the people to revise the constitution by convention. In my opinion the process upon which the Senate has embarked to thoroughly revise the entire constitution by the legislative method of § 284 rather than the constitutional-convention method of § 286 is unconstitutional. George Washington warned that changing the federal constitution by a method contrary to that provided in the instrument is “usurpation” and “the customary weapon by which free governments are destroyed.” George Washington, Farewell Address (1796), in XII The Writings of George Washington 226 (Jared Sparks, ed. 1838). Abraham Lincoln once remarked that calling a tail a leg did not make a five-legged calf. 2 Michael Burlingame, Abraham Lincoln: A Life 468 (Johns Hopkins University Press 2008). Likewise, calling a massive process of constitutional revision nothing more than a series of individual amendments does not make it so.
This Court has recognized “the settled principle that the people have forbidden the Legislature from conducting itself in a manner inconsistent with their constitution and when it does, it is incumbent upon the judiciary to nullify a legislative enactment contrary to the constitution.” Rice v. English, 835 So.2d 157, 162 (Ala.2002). Article I, § 2, of the Alabama Constitution states that “all political power is inherent in the people,” who are the rightful engineers in the constitutional locomotive. Any branch of government that wrongfully seeks to hijack the process of constitutional revision must be stopped before the train runs out of control.
For the reasons stated above, I would provide the advisory opinion requested and hold that the proposed amendments are constitutionally invalid because, taken as a group and also as a part of the Act No. 2011-197 revision train, they violate the exclusive prerogative of the people to revise their constitution through a constitutional convention held pursuant to § 286.
QUESTION ANSWERED.
Respectfully Submitted,
/s/ Roy S. Moore
Roy S. Moore
Chief Justice
Members of the Senate
Alabama State House
Montgomery, Alabama 36130
Dear Senators:
I have received the Senate’s request for an opinion of the Justices of the Supreme Court as to whether the constitutional amendments proposed by Senate Bills 253, 258, 259, 261, and 276, if ratified, would violate § 284 of the Constitution of Alabama of 1901. Initially, I note that I agree with the separate advisory opinion issued today by Chief Justice Moore. Moreover, based on my special concurrence in Bell v. Strange, 143 So.3d 668 (Ala.2013), I answer the question in the affirmative: the constitutional amendments proposed by the above-mentioned senate bills, if ratified, would violate § 284, Ala. Const.1901.
Senate Resolution No. 44 states, in pertinent part:
“[W]e respectfully request the Honorable Chief Justice and Associate Justices of the Alabama Supreme Court, or a majority of them, to give this body their written opinions on a constitutional question which has arisen concerning the following pending Senate Bills: SB253 relating to impeachment of certain public officials; SB258 relating to the Legislative Department; SB259 relating to the Executive Department; *63 SB261 relating to the Separation of Powers of Government; and SB276 relating to Homestead Exemptions.
“Section 284 of the Constitution of Alabama of 1901 (the constitution) prescribes the manner in which amendments to the constitution may be proposed by the Legislature. Three-fifths of all members elected to both the House of Representatives and the Senate must approve proposed amendments, after which the proposals must be voted upon by the electorate, and if approved by a majority of the voters, become a valid part of the constitution.
“In a September 27, 2013, decision of the Alabama Supreme Court, Bell v. Strange, [143 So.3d 668 (Ala.2013) ], the court discussed the role of Section 284 in amending the constitution![1]
“Because the purpose of the Senate Bills cited is to propose various amendments to the constitution to be submitted to the voters of the state, and in deference to this legislative body so that we may properly and constitutionally perform the duties of our office, written opinions are requested concerning the following important constitutional question:
“If pending Senate Bills 263, 258, 259, 261, and 276 are passed in compliance with the requirements of Section 284 of the Constitution of Alabama, would they be constitutionally valid proposed constitutional amendments?”
The underlying constitutional question presented by Senate Resolution No. 44 concerns the manner in which the legislature may amend the Alabama Constitution. In my special concurrence to Bell, I set forth the following, which answers the underlying constitutional question presented by Senate Resolution No. 44:
“I write ... to express my concern ... with legislative proposals, allegedly proposed to the people pursuant to Art. XVIII, § 284, Ala. Const.1901, to amend many sections of the Alabama Constitution by the validation of a single amendment. ...
“As Chief Justice Torbert noted in his special concurrence in State v. Manley, 441 So.2d 864 (Ala.1983):
“‘There is a difference between the power of the Legislature to enact statutes and the power to change the Constitution. Jones v. McDade, 200 Ala. 230, 75 So. 988 (1917). In Bourbon v. Governor of Maryland, 258 Md. 252, 257-58, 265 A.2d 477, 480 (1970), the Maryland Court of Appeals, considering the legislature’s role in initiating constitutional change, wrote:
“ ‘ “[T]he legislature does not exercise its ordinary legislative power or any sovereignty of the people that has been entrusted to it but acts under a limited power which the people have conferred upon it and which with equal propriety and appropriateness might have been conferred upon either house, the governor, a special commission or other body or tribunal. In proposing amendment of the Constitution the legislature does not have the plenary powers it has in enacting laws but only the powers specifically delegated to it.”
‘“(Citations omitted). The Legislature has plenary power with respect to statutory matters, but only a limited power as to constitutional matters. Johnson v. Craft, [205 Ala. 386, 87 So.375 (1921) ]; Opinion of the Justices [No. 92], 252 Ala. 89, 39 So.2d 665 *64 (1949). In regard to its powers to change the Constitution, the Legislature, as the representative of the people, has only those powers specifically granted by the people through the Constitution. Opinion of the Justices [No. 116 ], [254 Ala. 183, 47 So.2d 713 (1950) ].’
“Manley, 441 So.2d at 877-78 (Torbert, C.J., concurring).
“The people, through the Alabama Constitution, have entrusted to the legislature two powers in regard to amending or changing the constitution: 1) to propose an amendment to the people for validation by their vote, pursuant to either § 284 or Art. XVIII, § 284.01, Ala. Const.1901, and 2) to call a constitutional convention, pursuant to [Art. XVIII,] § 286, [Ala. Const.1901,] which will commence only upon a majority vote of the people. The effect of an article-by-article amendment approach is the creation of a third legislative power in regard to changing the constitution. This is an enlargement of legislative power in contravention of Art. I, § 2, Ala. Const. 1901, which provides, in pertinent part: ‘That all political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit....’
“It is the ‘tendency of vested power to broaden and exalt itself.’ Ellingham v. Dye, 178 Ind. 336, 345, 99 N.E. 1, 4 (1912). For this reason, it is ‘[t]he people[ ] in whom resides the vital power in reference to organic law’ and not the legislature. Collier v. Frierson, 24 Ala. 100, 105 (1854). Through the constitution, the people have ‘ “prescribe^] the exclusive modes by which it may be altered or amended, or its effect and operation changed.” ’ Manley, 441 So.2d at 873 (quoting Johnson v. Craft, 205 Ala. 386, 393, 87 So.375, 380 (1921)). As stated by Chief Justice Torbert, the legislature is limited to the powers entrusted to it by the people. Because of the tendency of governments to expand their own power and suppress the rights of the people, this Court must vigilantly protect the ‘inalienable and indefeasible right’ of the people to create and maintain the form and function of the State ‘in such manner as they may deem expedient.’ Art. I, § 2, Ala. Const.1901.”
Bell, 143 So.3d at 669-70 (Parker, J., concurring specially).
Therefore, because each of the senate bills as to which you have asked for an advisory opinion would amend entire articles of the Constitution of Alabama of 1901, the constitutional amendments proposed by the senate bills would violate § 284.
QUESTION ANSWERED.
Respectfully Submitted,
/s/ Tom Parker
Tom Parker
Associate Justice

. In Bell, this Court affirmed the trial court’s judgment without an opinion. Justice Parker and Justice Shaw issued opinions concurring specially in and Chief Justice Moore issued an opinion dissenting from the no-opinion affir-mance.

. Perhaps my colleagues, aware that taxpayers have standing to challenge unconstitutional expenditures, Zeigler v. Baker, 344 So.2d 761, 764 (Ala.1977), prefer to defer addressing the issue presented in Senate Resolution No. 44 until that issue is framed by briefing in an adversarial setting. They might also have perceived the question as lacking in sufficient specificity.

. The Court affirmed the trial court’s judgment in Bell without an opinion. Justices Parker and Shaw concurred specially, and I dissented. All the writings discussed the distinction between § 284 and § 286.

.On the question whether the results of a constitutional convention must be submitted to the people for ratification, see Opinion of the Justices No. 140, 263 Ala. 141, 81 So.2d 678 (1955); Art. XVIII, § 286.01, Ala. Const. 1901 (Off. Recomp.).

. Before 1976, the Alabama Legislature met once every two years.

. Although the comprehensive revision of the judicial article in 1973 and the suffrage and elections article in 1996 may seem to establish a precedent for using § 284 in place of calling a constitutional convention pursuant to § 286, "a few sporadic offenses against an unambiguous constitutional mandate will not suffice to establish the basis for a subversion of its terms.” Johnson v. Craft, 205 Ala. 386, 402, 87 So. 375, 388-89 (1921).

. " ‘The mounting popularity of constitutional commissions is attributable mainly to their general acceptability to state legislators who prefer to rely on bodies over whose proposals they have control.’ " Bell, 143 So.3d at 680 (Moore, C.J., dissenting) (quoting Albert L. Sturm, The Development of American State Constitutions, 12 Publius: Journal of Federalism 57, 84(1982)).

. In Bell, this Court affirmed the trial court’s judgment without an opinion. Justice Shaw and I authored special concurrences, and Chief Justice Moore authored a dissent.