149 So. 781

## In re OPINIONS OF THE JUSTICES.

## In re WARRANT AMENDMENT.

### No. 29.

Supreme Court of Alabama.

Sept. 30, 1933.

Response to questions propounded by Governor.

Questions propounded by the Governor to the Justices of the Supreme Court, under Code 1923, § 10290.

Questions answered.

To the Honorable Justices of the Supreme Court of Alabama:

Pursuant to the provisions of sections 10290, 10291, of the 1923 Code of Alabama,

I shall be glad if you will answer the following inquiries relating to important constitutional questions in connection with the validity of the so-called Warrant Amendment to the Constitution of Alabama, found in the General Acts of Alabama, Extra Session 1933, page 196:

1. Does said Act as passed by the Legislature comply with, and is it in conformity with section 45 of the Constitution of Alabama of 1901; or is said Constitutional section 45 applicable thereto?

2. Did the Legislature in passing said Act comply with section 61 of the Constitution of Alabama, or is said Constitutional section 61 applicable thereto?

3. Did the Legislature in passing said Act comply with section 62 of the Constitution of Alabama, or is said Constitutional section 62 applicable thereto?

4. Did the Legislature in passing said Act comply with section 63 of the Constitution of Alabama, or is said Constitutional section 63 applicable thereto?

5. Did the Legislature in passing said Act comply with section 64 of the Constitution of Alabama, or is said Constitutional section 64 applicable thereto?

6. Does said Act, as passed by the Legislature, or the Constitutional Amendment article 23 as adopted by the people, offend section 68 of the Constitution of Alabama; or has said Constitutional section 68 any application thereto?

7. Was said Act as passed by the Legislature in conformity with section 76 of the Constitution of Alabama?

8. Did the passage of said Act by the Legislature of Alabama offend section 122 of the Constitution of Alabama, said Act having been passed at an extraordinary session?

9. Does Constitutional Amendment 23, known as the Warrant Act Amendment, supersede section 213 of the Constitution of Alabama?

10. Does said Act, as passed by the Legislature of Alabama, or Constitutional Amendment 23 as adopted by the people, offend section 260 of the Constitution of Alabama; or has said Constitutional section 260 any application thereto?

11. Will the warrants, or other obligations of the State, to be issued in conformity with Constitutional Amendment 23, being direct obligations of the State carrying its full faith and credit, as therein provided, have precedence and protection afforded under the provisions of section 260 of the Constitution of Alabama?

12. Did the Legislature in the passage of said Act comply fully and properly with the provisions of section 284 of the Constitution of Alabama?

13. Was the election held on the adoption of Constitutional Amendment 23, and the notice and proclamation of the Governor with respect thereto, in compliance with the provisions of section 284 of the Constitution?

14. Were the ballots used at said election on the adoption of said Amendment 23 in conformity with section 285 of the Constitution of Alabama?

15. Did the Legislature, in the passage of said Act, comply fully and properly with the provisions of section 287 of the Constitution of Alabama?

16. Is the income derived and to be derived from the so-called income tax amendment and law, pledged under the provisions of said Constitutional Amendment 23 for the payment of the warrants to be issued in conformity therewith?

17. Under the provisions of said Constitutional Amendment 23, may warrants, or bonds, or other instruments of the State of Alabama constituting the direct obligation of the State, and carrying its full faith and credit, be issued by the State in lieu or in payment of its warrants unpaid and outstanding as of October 1, 1932, and items enumerated in an Act of the Legislature No. 294, being Senate Bill 272, approved November 9, 1932, referred to in said Act?

18. Under the provisions of said Constitutional Amendment 23, may the State of Alabama issue and sell its bonds, or other instruments evidencing its direct obligation, carrying its full faith and credit, and use the proceeds thereof to pay its warrants unpaid and outstanding as of October 1, 1932, and items enumerated in an Act of the Legislature No. 294, being Senate Bill 272, approved November 9, 1932, referred to in said Act?

19. Under the provisions of said Constitutional Amendment 23, may the State of Alabama issue and deliver to the holders of its warrants outstanding and unpaid as of October 1, 1932, and the beneficiaries of the items enumerated in the Act of the Legislature No. 294, being Senate Bill 272, approved November 9, 1932, in lieu, or payment, or exchange therefor, its warrants, or bonds, or other instruments, being direct obligations of the State, and carrying its full faith and credit?

20. If such warrants or bonds of the State can be so issued, can they be retired or refunded at maturity, or prior to maturity, by the issuance of like retirement or refunding obligations of the State without further amendment of the Constitution, and without further authority from the Legislature?

For your consideration in connection with this request for your opinion, I am attaching hereto a copy of the Governor's call convening this extraordinary session of the Legislature; a copy of the notice of the election and

proclamation of the Governor; a copy of the ballot; and a copy of the Governor's proclamation after said election.

Very Respectfully,
B. M. Miller,
Governor of Alabama.

Response of the Justices.

To His Excellency, Hon. B. M. Miller, Governor of Alabama, Montgomery.

Sir: Your communication containing several inquiries on constitutional matters relating to what is commonly known as the Warrant Amendment to the Constitution of Alabama (General Acts, Extra Session 1933, page 196) is hereto attached, and reference made thereto without repetition here.

The above-noted amendment was an amendment to section 213 of our Constitution, and designated article 23 thereof. Its final passage through the Legislature was on April 14, 1933, and on April 17, 1933 (Gen. Acts 1933, Ex. Sess., p. 189), what is known as the enabling act to the Warrant Amendment was approved. This act makes special reference to said proposed amendment and provides (page 191, § 13) for its effective operation "immediately upon the proclamation of the Governor declaring that the qualified electors of the State of Alabama have ratified the amendment to Section 213 of the Constitution of Alabama, known and designated as Article XXIII thereof."

▰ That such enabling act may properly be passed in anticipation of the adoption of a constitutional amendment and to become operative when so adopted by the people, was considered and discussed in response to your inquiry, this day announced (Opinion of the Justices [Ala. Sup.] 149 So. 776) concerning the Income Tax Constitutional Amendment, and needs no repetition here, as the conclusions there reached are equally applicable to the amendment and the enabling act here considered.

With this general observation, we proceed with response to such of your inquiries which are treated in the brief accompanying the same.

▰ Proposed amendments to the Constitution are governed by sections 284–287, inclusive, of our Constitution, and limitations and restrictions applicable to the legislative function of enacting statutes are without application. Jones v. McDade, 200 Ala. 230, 75 So. 988.

▰ Our response, therefore, to inquiries Nos. 1, 2, 3, 4, and 5, is that the several constitutional sections therein named (sections 45, 61, 62, 63, and 64) are not here applicable. As to section 68 of our Constitution, we may merely add, if any provision therein contained may be said to have any application, in no event does the amendment here inquired of offend the same.

There have been filed with your inquiries copies of the call for a special session of the Legislature, and the proclamation before us embraces as a subject for legislation at such special session the matter of this amendment and an enabling act to make the same effective, and it appears therefore that sections 76 and 122 of our Constitution were complied with.

▰ This constitutional amendment, known as article 23, rewrites section 213 of our Constitution, and therefore supersedes the same.

The copies of the Governor's proclamation as to the result of the election on this constitutional amendment, and a copy of the ballot used at said election clearly indicate that sections 284 and 285 of our Constitution were complied with. And an examination of a transcript of the journals of the House and of the Senate, which is before us, indicates a compliance with section 287 of the Constitution.

▰ The amendment and the enabling act thereto, the Income Tax Amendment, and its enabling act, were all considered together by the Legislature, and are to be construed in pari materia. State v. Montgomery, 177 Ala. 212, 59 So. 294. They tend to show a legislative intent, concurred in by the people by the adoption of the two amendments, to recognize and validate the outstanding floating indebtedness of the state, as clearly referred to in the Warrant Amendment, and in the enabling act, and to provide for the issuance of negotiable instruments to represent the same.

▰ In furtherance of this clearly defined intent, the words "warrants or instruments" were used in the amendment, and "warrants or other instruments" as found in the enabling act. In the latter, a warrant commission is provided with power to issue such "warrants or other instruments" in such denominations and number and series and mature at such time as said commission may deem expedient, with interest rate limited to 5 per cent. per annum, payable semi-annually from July 1, 1933.

It is expressly provided both in the amendment and in the act that the instruments so issued representing such indebtedness shall be a direct obligation of the state and for the prompt and faithful payment thereof the full faith and credit of the state is pledged. And in addition there is pledged to the same purpose all revenue from the income tax which constitutes a trust fund for such purpose.

The form of the negotiable paper was not deemed of importance, as in any event the full faith and credit of the state is pledged to the faithful payment thereof. And in order that the commission may not be con-

sidered as bound to issue in the form of warrant, the provision is. found for "or other instruments." This would include a negotiable paper in the form of a bond. It is therefore our view that the commission may issue bonds if they deem it so advisable, rather than warrants as representing such indebtedness.

From what has been said, it is evident that our answer to inquiries 16, 17, 18, and 19 is in the affirmative.

As to inquiry No. 20, we are of the opinion that the matter of a refund of the bonds or other instruments issued, under authority of the constitutional amendment and the enabling act herein discussed, is one for future legislation, and that such refund may be provided for by the Legislature (59 Corpus Juris, pp. 227, 277) without any further amendment to the Constitution.

Respectfully submitted,

JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
ARTHUR B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.

To His Excellency, Hon. B. M. Miller, Governor of Alabama, Montgomery.

Sir: As I construe your inquiry, it relates to the validity of the act proposing the amendment to section 213 of the Constitution (Acts Extra Session 1933, page 196), and not to the enabling act (Acts Extra Session 1933, pages 189–192). So construing the inquiry, I am in agreement with much that is said in the opinion of the majority of the justices. However, as to interrogatory 12, I think this inquiry is too general in scope, and as to it I express no opinion.

Respectfully submitted,

JOEL B. BROWN,
Associate Justice.