40 So.2d 623

## OPINION OF THE JUSTICES.
### No. 95.

Supreme Court of Alabama.
May 10, 1949.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the Senate, under Code 1940, Tit. 13, § 34, relating to the validity of Senate rules requiring a bill or resolution proposing an amendment to the Constitution to be referred to a committee.

Senate Resolution No. 10

Be it resolved by the Senate of Alabama, That the Justices of the Supreme Court, as provided under the authority of Title 13, Section 34, Code of Alabama 1940, are hereby respectfully requested to render to the Senate their written opinion on the following important constitutional questions:

1. Section 53 of the Constitution provides as follows: Each house shall have the power to determine the rules of its procedure.

2. Rule 25 of the Rules of the Senate of Alabama provides as follows:

"25. The Presiding Officer of the Senate shall in the presence of the Senate, sign all bills and joint resolutions passed·

by the Legislature, after the same shall have been publicly read at length immediately before signing, and the fact of reading and signing shall be entered upon the journal; but the reading at length may be dispensed with by a two-thirds vote of a quorum present, which fact shall also be entered on the journal. *And all the resolutions proposing amendments to the Constitution or to which the approbation or signature of the President may be requisite or which may grant money out of the contingent fund shall be treated in all respects in the introduction and form of proceedings thereon in the Senate in a similar manner with bills.*" (Italics supplied.)

3. Section 284 of the Constitution of Alabama provides as follows:

"284. Amendments may be proposed to this constitution by the legislature in the manner following: The proposed amendments shall be read in the house in which they originate on three several days, and, if upon the third reading three-fifths of all the members elected to that house shall vote in favor thereof, the proposed amendments shall be sent to the other house, in which they shall likewise be read on three several days, and if upon the third reading three-fifths of all the members elected to that house shall vote in favor of the proposed amendments, the legislature shall order an election. * * *"

4. Your opinion is requested as to whether or not the underscored portion of Rule 25 of the Senate of Alabama contravenes the provisions of Section 53 of the Constitution of Alabama, 1901.

5. Your opinion is requested as to whether or not the underscored portion of Rule 25 of the Senate of Alabama contravenes the provisions of Section 284 of the Constitution of Alabama, 1901.

6. In the event your answer to the above questions are in the affirmative then the Senate desires to be advised in writing by you

(a) Of the procedure to be followed insofar as Rule 27 of the Senate of Alabama is concerned; and

(b) Under said Rule 27 what motions may be made in regard to pending constitutional amendments before the third read-

ing of such proposed constitutional amendment without contravening the provisions of Section 53 and 284 of the Constitution of Alabama; and

(c) After a proposed constitutional amendment receives its second reading, does it take its place on the calendar for its third reading when reached in regular order, or does it take priority over bills on the calendar?

To the Senate of Alabama
State Capitol
Montgomery, Alabama
Gentlemen:

In Senate Resolution No. 10 the following inquiries, among others, were propounded to the Justices of this Court by the Senate of Alabama:

"4. Your opinion is requested as to whether or not the underscored portion of Rule 25 of the Senate of Alabama contravenes the provisions of § 53 of the Constitution of Alabama, 1901."

"5. Your opinion is requested as to whether or not the underscored portion of Rule 25 of the Senate of Alabama contravenes the provisions of § 284 of the Constitution of Alabama, 1901."

That portion of Senate Rule 25 which is italicized in the inquiry reads as follows:

" * * * And all the resolutions proposing amendments to the Constitution or to which the approbation or signature of the President may be requisite or which may grant money out of the contingent fund shall be treated in all respects in the introduction and form of proceedings thereon in the Senate in a similar manner with bills."

As here pertinent, § 53 of the Constitution of 1901 reads: "Each house shall have power to determine the rules of its proceedings * * *."

Section 284, as amended, Constitution 1901, as here pertinent is as follows:

"Amendments may be proposed to this constitution by the legislature in the manner following: The proposed amendments shall be read in the house in which they originate on three several days, and, if upon the third reading three-fifths of all the members elected to that house shall

vote in favor thereof, the proposed amendments shall be sent to the other house, in which they shall likewise be read on three several days, and if upon the third reading three-fifths of all of the members elected to that house shall vote in favor of the proposed amendments, the legislature shall order an election by the qualified electors of the state upon such proposed amendments, to be held either at the general election next succeeding the session of the legislature at which the amendments are proposed or upon another day appointed by the legislature, not less than three months after the final adjournment of the session of the legislature at which the amendments were proposed. * * *"

That portion of Senate Rule 25 set out above relates to three types of resolutions, viz., (1) resolutions "proposing amendments to the Constitution," (2) resolutions "to which the approbation or signature of the President may be requisite," (3) resolutions "which may grant money out of the contingent fund." But considering your letter of inquiry as a whole, we think it clear that the Senate of Alabama desires that the Justices of the Supreme Court of Alabama express their individual opinions as to whether the provisions of Senate Rule 25, supra, that "resolutions proposing amendments to the Constitution * * * shall be treated in all respects in the introduction and form of proceedings thereon in the Senate in a similar manner with bills," violates § 53 of the Constitution of 1901 or § 284, as amended, of the Constitution of 1901.

The letter of inquiry makes no reference to the rules of the Senate relating to the manner in which bills are treated as to their introduction and the form of proceedings thereon. However, it appears that Rule 26 of the Senate provides as follows: "Bills on first reading shall be referred to a committee, and shall be read a second time when returned from the committee on any subsequent day."

Therefore, we proceed to answer the following question: Can the Senate of Alabama, under its rule-making power, legally require that a bill or resolution proposing an amendment to the Constitution of this state be referred to a committee?

We refer briefly to certain principles expressed in our decisions and in advisory opinions of the individual Justices which have some bearing on this question.

(1) The Constitution itself prescribes the exclusive modes by which it may be altered or amended, or its effect and operation changed. Both of these exclusive modes are plainly stated in §§ 284–287 of the Constitution. Only through a constitutional convention, called and convened as provided in the existing organic law, or through amendment proposed and adopted as provided in the existing organic law, can the Constitution be altered or changed. Jones et al. v. McDade, 200 Ala. 230, 75 So. 988; Johnson v. Craft, 205 Ala. 386, 87 So. 375.

(2) Proposals for the submission to the electorate of amendments to the Constitution may be submitted through act or resolution. Jones et al. v. McDade, supra.

In proposing amendments to the Constitution to be voted upon by the electorate, the legislature is not exercising its other power to make laws. Jones et al. v. McDade, supra; Johnson v. Craft, supra; In re Opinions of the Justices, 227 Ala. 296, 149 So. 781.

(4) Section 62 of the Constitution of 1901, which provides in part that "no bill shall become a law until it shall have been referred to a standing committee of each house," has no application to an act proposing an amendment to the Constitution. In re Opinions of the Justices, 227 Ala. 296, 149 So. 781.

This principle is, of course, applicable to a resolution proposing an amendment to the Constitution.

We are of the opinion that when § 53 and § 284, as amended, of the Constitution of 1901 are considered together, the Senate, as a deliberative body, has the authority to duly adopt a rule of procedure requiring that all proposals to amend the Constitution of this state be referred to a committee.

The provision that "each house shall have power to determine the rules of its proceedings" is not restricted to proceedings of the body in ordinary legislative

matters; but such authority extends to the determination of the propriety and effect of any action taken by the body as it proceeds in the exercise of any power, in the transaction of any business, or in the performance of any duty conferred upon it by the Constitution. This includes authority to determine the rules of procedure to be observed in agreeing to propose amendments to the Constitution and embraces the right to require that resolutions or bills proposing amendments to the Constitution be referred to a committee. Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963, Ann.Cas. 1914B, 916; Doody v. State, 233 Ala. 287, 171 So. 504.

We think that the Senate rule requiring proposed amendments to the Constitution to be referred to a committee does not violate § 284 of the Constitution for the reason which we will explain.

■■■■ Section 284 declares that proposed amendments to the Constitution shall be read in the house in which they originated on three several days. Section 63 declares that every bill shall be read on three different days in each house. No one has ever contended that § 63 means any more than that the bill to be a valid law must have those three readings, or that either house may not kill a bill without having the three readings. So as to § 284, it means no more than that for a proposed amendment to be effective it must have a reading on three several days in each house, and upon the third reading a favorable vote of three-fifths of all the members elected to each house, respectively. It does not direct the procedure by which those readings shall be conducted or what shall lead up to them.

If the Senate sees fit to refer the proposed amendment to a committee after it has had one reading, § 284 does not prohibit that procedure or direct any other. The Senate could act on the matter as it sees fit pursuant to its rules, with the one requirement that to be valid it must have a reading on three several days, just as a bill, to become a valid law, must have three readings, and the latter must be referred to a standing committee, acted on by such committee and returned from it, under § 62, Constitution, in order to become a law.

Reference to a committee is not required of a constitutional amendment, but it is not prohibited by the Constitution. If it is referred to a committee it could have the required readings. The reference to a committee cannot deprive the Senate of causing such readings, regardless of what the committee might do or fail to do.

But the point is that the mandatory provisions of § 284 are so only for the purpose and to the end that the amendment may be valid when adopted. There is nothing in it to make the Senate do anything it does not wish to do, but only that it must observe the requirement to obtain a valid amendment.

Of course, if the Senate wishes to do so it may, pursuing its own procedure, order the several readings to be had without referring the proposed amendment to a committee. This would comply with § 284. This cannot be done of a bill controlled by § 62 of the Constitution if the bill is to be a valid enactment.

If the proposal is referred to a committee under the Senate rules and the committee does not report it back, the Senate has the power under its procedure to recall it from the committee for a second reading.

In view of the conclusion reached, it is not necessary to consider the other questions set out in your letter of inquiry.

Respectfully submitted,

ARTHUR B. FOSTER
J. ED LIVINGSTON
THOMAS S. LAWSON
DAVIS F. STAKELY
Associate Justices.

In my opinion § 284 of the constitution does not contemplate referring constitutional amendments to a committee and the very fact that said amendments were not included in the provisions of the constitution which require bills to be referred to a committee negatives the thought that proposed amendments are to be referred to a committee. The law in respect to the method of proposing amendments is clearly stated in § 284 and clearly interpreted in Johnson v. Craft, 205 Ala. 386, 87 So. 375, wherein it was observed:

"The Constitution of Alabama, like that of the nation and of the other states, is

the supreme law within the realm and sphere of its authority. Subject only to the restraints resulting from the Constitution of the United States, the Constitution of Alabama is the highest form and expression of law that exists in this state. The source of its creation and the character of its sanction, viz. the people's deliberate will, invest the Constitution with its paramount quality. The Constitution's control is absolute wherever and to whatever its provisions apply; and every officer, executive, legislative, and judicial, is bound by oath (section 279) to support the Constitution, to vindicate and uphold its mandates, and to observe and enforce its inhibitions without regard to extrinsic circumstances. *It commits to no body, officer, or agent any authority or power whatever to change or modify or suspend the effect or operation of its mandates or its prohibitions;* the instrument itself prescribes the exclusive modes by which it may be altered or amended, or its effect and operation changed. Otherwise than as these exclusive modes contemplate and authorize the Constitution's alteration, its character is permanent, its force and influence enduring. Both of these exclusive modes are plainly stated in sections 284–287 of the Constitution. Only through a constitutional convention, called and convened as provided in the existing organic law, or through amendment proposed and adopted as provided in the existing organic law, can the Constitution be altered or changed. It is with the latter mode we are now concerned.

"Upwards of 60 years ago this court had occasion to consider and to pronounce constitutional principles referable to the change by amendment of the organic law. The opinion then delivered by Justice Goldthwaite established Collier v. Frierson, 24 Ala. 100, as a leading authority in our country on the subject under consideration. Many courts of the highest repute, as well as text-writers, have accorded the doctrine there announced the unreserved acceptance its obvious soundness deserves, and have given that pronouncement its own great place in the constitutional jurisprudence of the republic. With a brevity, and also a comprehension, that is notable and gratifying, it was there said:

" 'We entertain no doubt, that, to change the Constitution in any other mode than by a convention, every requisition which is demanded by the instrument itself must be observed, and the omission of any one is fatal to the amendment. We scarcely deem any argument necessary to enforce this proposition. The Constitution is the supreme and paramount law. The mode by which amendments are to be made under it is clearly defined. It has been said that certain acts are to be done, certain requisitions are to be observed, before a change can be effected. But to what purpose are these acts required, or these requisitions enjoined, if the Legislature, or any other department of the government, can dispense with them. To do so would be to violate the instrument which they are sworn to support, and every principle of public law and sound constitutional policy requires the courts to pronounce against every amendment, which is shown not to have been made in accordance with the rules prescribed by the fundamental law.'

"But recently this court approvingly reproduced the quoted pronouncement, and declared, in orderly sequence and in expression of unquestioned judicial power, that it was the function of the judiciary to determine whether the prescriptions of the organic law itself have been observed in the effort to amend the Constitution. Jones v. McDade, 200 Ala. 230, 233, 75 So. 988. This doctrine of Collier v. Frierson accords with and, in a sense, illustrates the even broader constitutional principle this court thus expressed (through Stone, J.), by approving quotation from Cooley, in Perry County v. [Selma, M. & M.] Railroad Co., 58 Ala. 546, 556:

" 'We adopt, as our own, the language of one of the soundest and most thorough thinkers and jurists, who have written on the subject of organic law, embodied in our Constitution: "The courts tread upon very dangerous ground when they venture to apply the rules, which distinguish directory and mandatory statutes, to the provisions of a Constitution. Constitutions do not usually undertake to prescribe mere

rules of proceeding, except when such rules are looked upon as essential to the thing to be done; and they must then be regarded in the light of limitations upon the power to be exercised. It is the province of an instrument of this solemn and permanent character to establish those fundamental maxims, and fix those unvarying rules, by which all the departments of the government must at all times shape their conduct. *. * * We are not, therefore, to expect to find in a Constitution provisions which the people, in adopting it, have not regarded as of high importance, and worthy to be embraced in our instrument which, for a time at least, is to control alike the government and the governed, and to form a standard by which is to be measured the power which can be exercised as well by the delegate, as by the sovereign people themselves. If directions are given respecting the times or modes of proceeding in which a power should be exercised, there is at least a strong presumption that the people designed it should be exercised in that time and mode only." Cooley Const. Lim. 78.'" Johnson v. Craft, 205 Ala. 386, 393, 87 So. 375, 380.

The above principle was recently reaffirmed by this court in Re Opinion of The Justices, ante, p. 89, 39 So.2d 665.

Respectfully submitted,

JOEL B. BROWN
Associate Justice.

I concur in the foregoing opinion of Mr. Justice BROWN but wish to add a few lines.

The doctrine of Johnson v. Craft, supra, is that the constitutional prescriptions of section 284 are mandatory and must be strictly complied with. It was so considered in the recent opinion of the Justices No. 94 in answer to an inquiry of the Governor where in speaking of section 284 it was emphasized that in amending the constitution the provision there under consideration was mandatory, and when the legislature undertook to act under it it was not performing a legislative function in its "law-making capacity," but as an entity.

Hence section 53 of the constitution, in my opinion, is not subject to the construction placed on it in the opinion of the majority, supra, the Florida case therein cited to the contrary notwithstanding.

So we have a plain mandate that "proposed amendments shall be read in the house in which they originate on three several days," etc. Giving this provision the strict construction it must be accorded, it cannot be said that referring such proposals to a committee where it might—in all likelihood will—die is a proper compliance with the provision.

This interpretation is fortified and made clearer by a reference to Section 1, Article XVII of the Constitution of 1875, of which said section 284 is a rewrite, wherein it was provided, "the general assembly may, whenever two-thirds of each house shall deem it necessary, propose amendments to this constitution, which, *having been read on three several days in each house,* shall be duly published," etc. [Emphasis supplied.]

Thus in the 1875 Constitution we have a different verbiage (italicized) as regards the three readings, and the 1901 Constitution changed the meaning to require that the proposed amendments *"shall be read,"* thus emphasizing the position here entertained. When the mandate is that a proposed amendment shall be read on three several days, I think it means what it says.

Respectfully submitted,

ROBERT T. SIMPSON
Associate Justice.