179 So.2d 155

**OPINION OF THE JUSTICES NO. 185.**

Supreme Court of Alabama.

Oct. 13, 1965.

Robt. T. Wilson, Jasper, Chas. Mathews, Ashland, Ed Reynolds, Notasulga, Lawrence Dumas, Jr., Birmingham, C. M. A. Rogers, Wm. H. McDermott, and John Tyson, Mobile, Robt. Gilchrist, Decatur, George Hawkins, Gadsden, Roscoe Roberts, Huntsville, V. H. Robison, Montgomery, amici curiae.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the Senate, under Code 1940, Tit. 13, § 34, relating to the validity of Senate Rule 19.

*Senate Resolution No. 7*

Whereas, Senate Bill 1, a copy of which is attached hereto and made a part hereof by reference, is being made the object of unlimited debate in the Alabama Senate now in session; and

Whereas, pursuant to Section 53 of the Constitution, the Senate duly adopted certain rules for its proceedings, and included among such rules was Rule 19, which governs the procedure for terminating debate, or invoking cloture, and which reads as follows:

"RULE 19. The committee on rules may at any time report a special rule that debate on a pending measure shall cease at a certain hour and a vote be taken on the measure. The consideration of such special rule shall not exceed thirty minutes, when a vote shall be taken thereon; and if two-thirds of the members elected shall vote to limit debate, then said rule shall have been adopted by the Senate."

and

Whereas, Section 284 of the Constitution provides in pertinent part as follows:

"Section 284. Amendments may be proposed to this Constitution by the legislature in the manner following: The proposed amendments shall be read in the house in which they originate on three several days, and, if upon the third reading three-fifths of all the members elected to that house shall vote in favor thereof, the proposed amendments shall be sent to the other house, in which they shall likewise be read on three several days, and if upon the third reading three-fifths of all the members elected to that house shall vote in favor of the proposed amendments, the legislature shall order an election by the qualified electors of the state upon such proposed amendments, * * *"

Now, therefore, be it resolved by the Senate of Alabama:

That the Justices of the Supreme Court, as provided under the authority of Title 13, Section 34, Code of Alabama 1940, are hereby respectfully requested to render to the Senate their written opinion on the following important constitutional question:

Since Senate Rule 19 permits unlimited debate unless limited by a two-thirds (⅔) vote of the elected members of the Senate, is not the practical effect of Senate Rule 19 to substitute its two-thirds (⅔) requirement for the three-fifths (⅗) requirement of Section 284 of the Constitution of Alabama, and if so, would not that portion of Senate Rule 19 requiring a two-thirds (⅔) vote be in contravention of Section 284 of the Constitution in regard to proposed amendments?

A BILL
TO BE ENTITLED
AN ACT

Proposing an amendment to the Constitution of Alabama, Article 5, Section 116, relating to succession of constitutional officers.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1. It is hereby proposed that the Constitution of Alabama 1901, Article 5, Section 116, be amended to read as follows:

"Section 116. The governor, lieutenant governor, attorney general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, elected after the ratification of this Constitution, shall hold their respective offices for the term of four years from the first Monday after the second Tuesday in January next succeeding their election, and until their successors shall be elected and qualified. No person shall be elected to any of said offices for more than two consecutive terms; and the governor shall not be eligible to election or appointment to

**524**

the Senate of the United States during his term, and within one year after the expiration thereof."

Section 2. An election upon the proposed amendment is ordered to be held on the first Tuesday after the expiration of three months from final adjournment of the current session of the Legislature. The election shall be held in accordance with the provisions of Sections 284 and 285 of the Constitution of Alabama, as amended, and Chapter 1, Article 18, Title 17 of the Code of Alabama 1940.

Section 3. Notice of the election and of the proposed amendment shall be given by proclamation of the Governor, which proclamation shall be published once a week for four successive weeks next preceding the day appointed for the election in a newspaper in each county of the State. In every county in which no newspaper is published, a copy of the notice shall be posted at each courthouse and post office.

Section 4. The ballots and voting machine tabs to be used in the election on the proposed amendment shall be prepared as provided in Code of Alabama 1940, Title 17, Section 166, and the question to be printed thereon shall be in substantially the following form: Do you favor amending the Constitution of Alabama to permit the Governor and other constitutional officers of the executive branch to serve not more than two consecutive terms as proposed in Act No. ——. 3rd Special Session 1965. yes ( ) no ( ).

To the Senate of Alabama
Gentlemen:

In essence the question presented to the Justices of this court is whether the provision of Senate Rule 19, requiring two-thirds vote of the elected members of the Senate to limit debate is contrary to the provisions of Section 284 of the Alabama Constitution of 1901, which provides in effect that before a proposed amendment to the Constitution can be submitted to the electorate, three-fifths of all elected members of each house shall vote in favor of such amendment before the legislature shall order an election upon such amendment.

Section 53 of the Constitution sets forth that "Each house shall have power to determine the rules of its proceedings * * *."

The principle of separation of powers in our form of government is too well understood to require discussion. This principle is reflected in Section 42 of our Constitution providing that the powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate department of magistracy, the legislative, the executive, and the judicial.

Pursuant to Sections 42 and 53 of the Constitution, the Senate of Alabama has promulgated and adopted certain rules, including Rule 19, supra, to govern its proceedings.

Section 284 of the Constitution, pertaining to the mode of amending the Constitution, sets forth the method by which the legislature may submit proposals to the electorate for such amending purposes.

■■ Section 284, supra, in no wise provides that every bill proposing an amendment to the Constitution must be voted on or enacted by the legislature. We think it common knowledge that in every legislature there are usually bills introduced in one or both houses of the legislature looking toward the submission to the electorate of proposed amendments to our organic law. Large numbers of these bills are lost in the legislative processes and never reach legislative fruition.

■ As a coordinate branch of government the Senate of Alabama has the right and power under the specific provisions of Section 53 of the Constitution to enact rules governing its proceedings. This power is unlimited except as controlled by other provisions of our Constitution. And

unless controlled by other constitutional provisions the courts cannot look to the wisdom or folly, the advantages or disadvantages of the rules which a legislative body adopts to govern its own proceedings. Tayloe v. Davis, 212 Ala. 282, 102 So. 433; United States v. Ballin, Joseph and Co., 144 U.S. 1, 12 S.Ct. 507; 36 L.Ed. 321.

In Opinion of the Justices (1949), 252 Ala. 205, 40 So.2d 623, an advisory opinion was requested by the Senate as to whether then Senate Rule 25 contravened Section 284 of the Constitution.

Rule 25, supra, contained the following provisions, among others:

"And all the resolutions proposing amendments to the Constitution or to which the approbation or signature of the president may be requisite or which may grant money out of the contingent fund shall be treated in all respects in the introduction and form of proceedings thereon in the Senate in a similar manner with bills."

The question involved was whether the Senate, by a rule governing its proceedings, could provide that acts or resolutions relative to submission of constitutional questions to the electorate could require that such acts or resolutions be first submitted to a committee.

After observing that proposals for the submission to the electorate of amendments to the Constitution might be either by acts or resolutions, and that in proposing amendments to the Constitution the legislature is not exercising its other powers to make laws, the majority of the Justices wrote:

"The provision that 'each house shall have power to determine the rules of its proceedings' is not restricted to proceedings of the body in ordinary legislative matters; but such authority extends to the determination of the propriety and effect of any action taken by the body as its proceeds in the exercise of any power, in the transaction of any business, or in the performance of any duty conferred upon it by the Constitution. This includes authority to determine the rules of procedure to be observed in agreeing to propose amendments to the Constitution and embraces the right to require that resolutions or bills proposing amendments to the Constitution be referred to a committee. Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963, Ann.Cas.1914B, 916; Doody v. State [ex rel. Mobile County], 233 Ala. 287, 171 So. 504.

"We think that the Senate rule requiring proposed amendments to the Constitution to be referred to a committee does not violate § 284 of the Constitution for the reason which we will explain.

\* \* \* \* \* \*

"*But the point is that the mandatory provisions of § 284 are so only for the purpose and to the end that the amendment may be valid when adopted. There is nothing in it to make the Senate do anything it does not wish to do, but only that it must observe the requirement to obtain a valid amendment.*" (Emphasis ours.)

See Doody v. State ex rel. Mobile County, 233 Ala. 287, 171 So. 504, where the court upheld the right of the Senate, under its rules, to reconsider a constitutional amendment.

We think it clear that the general doctrine pronounced above necessitates the conclusion that the answer to the question submitted must be answered in the negative.

We observe further that Section 63 of our Constitution provides in effect that no bill shall become law unless a majority of each house of the legislature shall vote favorably thereon. This constitutional provision for a majority vote is in pari materia with Section 284 relating to the submission of constitutional amendments. Could it be reasonably argued that any rule for the governing of the proceedings of a legislative house which sought to impose limita-

tions on debate would be invalid if such limitation required more than the majority vote required for the passage of bills? Legislative procedures and rules through the years, of our national Congress as well as of this State and our sister States point emphatically to the contrary. Otherwise, limitation of debate could always be imposed by a simple majority, and a minority could never be heard. Such result is not consonant with full deliberation and hearing essential to legislative tribunals.

■ Further, Senate Rule 33 empowers the Senate, after one day's notice, and by a majority vote to alter its rules. When there is no constitutional inhibition preventing action by a legislative body, we feel it would be impertinent and lawfully unwarranted for the Justices of this court to attempt to inject themselves as a rule making body for the Senate of Alabama, a power clearly reserved by the Constitution of Alabama to a coordinate and independent department of our government.

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice

THOMAS S. LAWSON,
JOHN L. GOODWYN,
PELHAM J. MERRILL,
JAMES S. COLEMAN, Jr.,
ROBERT B. HARWOOD,
Associate Justices

The foregoing opinion of the majority of the Justices is in the main rested on the Opinion of the Justices (majority) in 252 Ala. 205, 40 So.2d 623.

I did not agree with the rationale of the opinion in 252 Ala. as will be observed in my so-called "dissenting" opinion there recorded. I still adhere to the view there expressed and, therefore, am not in agreement with the foregoing opinion of the majority this day promulgated.

Respectfully,

ROBERT TENNENT SIMPSON,
Associate Justice