To the Members of the
House of Representatives
State Capitol
Montgomery, Alabama
Dear Representatives:
We are in receipt of House Resolution 13, sponsored by Representative Gafford, which reads as follows:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE ALABAMA LEGISLATURE, That we do respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinion on the following constitutional questions which have arisen concerning the pending H.J.R. 9, which was introduced to propose a redesignation of the date for holding the election on the constitutional amendment proposed by Act No. 81-889, S. 32, First Special Session, 1981 (Acts, Special Session, 1981, p. 24, August 13, 1981), which provides for making appropriations and time frame therefor.
“The pertinent facts are:
“(a) The Legislature convened, in response to the Governor’s proclamation, in its First Special Session 1981 commencing August 4, 1981, and passed the said proposed constitutional amendment in said Act No. 81-889, supra. Section 2 of that act provides in pertinent part:
“ ‘Section 2. An election upon the proposed amendment is ordered to be held at the first statewide primary or general election after the expiration of three (3) months from the final adjournment of the session of the Legislature at which this bill is enacted. The election shall be held in accordance with the provisions of Section 284, as amended, and Section 285 of the Constitution of Alabama of 1901 and Title 17, Chapter 17, Code of Alabama of 1975.’
“(b) The Legislature convened, in response to the Governor’s proclamation, in its Second Special Session 1981 commencing September 29, 1981.
“(c) The Legislature convened, in response to the Governor’s proclamation, in its Third Special Session 1981 commencing November 3, 1981, at which Act No. 81-1190, H.J.R. 75, Third Special Session 1981 (Acts, Special Session, 1981, p.p. 523-524, approved December 4, 1981), which redesig-nated the election date for March 2, 1981 [sic], on certain constitutional amendments [not at issue here] passed during the First, Second and Third Special Session, 1981, and designated the election date for said Act No. 81-889, supra, as follows:
“ ‘... provided, however, the Constitutional Amendment proposed by Act No. 81-889, S. 32, 1981 First Special Session shall be placed on the September 1982 primary or the November 1982 general election ballot.’
“(c) [sic] On March 2,1982, a general election on certain constitutional amendments was held pursuant to the certification of those *108 amendments by the Secretary of State on December 14, 1981, and the Governor’s proclamation on December 14, 1981, which did not include said Act No. 81-889, supra.
“(d) The Legislature convened in Regular Session, as provided by law, on January 12, 1982, during which it passed three resolutions relating to said Act No. 81-889, supra, and the election thereon. These include:
“(i) Act No. 82-414, H.J.R. 165,1982 Regular Session was passed by the House on March 23, 1982, and by the Senate on April 8, 1982, and provides in pertinent part:
“ ‘BE IT RESOLVED BY THE LEGISLATURE OF ALABAMA, BOTH HOUSES THEREOF CONCURRING, That the election date on the September 1982 primary or the November 1982 general election ballot, as designated by Act No. 81-1190, H.J.R. 75, Third Special Session 1981, is hereby rescinded and the said constitutional amendment proposed by Act No. 81-889 shall be on the ballot at the first primary or general election in 1984.’
“(ii) Act No. 82-270, H.J.R. 166, 1982 Regular Session, also was passed by the House on March 23,1982, and by the Senate on April 8, 1982, and provides in pertinent part:
“ ‘BE IT RESOLVED BY THE ALABAMA LEGISLATURE, BOTH HOUSES THEREOF CONCURRING, That the Secretary of State return to it forthwith for further consideration Act No. 81-889, S. 32 of the First Special Session 1981.
“ ‘BE IT RESOLVED FURTHER, That the election date on the September 1982 primary or the November 1982 general election ballot, as designated by Act No. 81-1190, H.J.R. 75, Third Special Session 1981, is hereby rescinded.’
“(iii) By letter, dated April 19, 1982, the Secretary of State, custodian of Act No. 81-889, supra, returned the said Act to the House of Representatives.
“(iv) Act No. 82-413, H.J.R. 386, 1982 Regular Session was passed in both the House and Senate on April 26, 1982, and provides in pertinent part:
“‘WHEREAS, the Alabama Legislature enacted H.J.R. 165, by passage in the Alabama House of Representatives on the 20th legislative day, March 23, 1982, and adoption in the Alabama Senate on the 26th legislative day, April 8,1982, and now finds it in its possession; and
“‘WHEREAS, said H.J.R. 165 resets the election date for Act No. 81-889, S. 32 of the First Special Session 1981, and rescinds the date therefor for the proposed constitutional amendment on budgetary matters; and
“ ‘WHEREAS, the said H.J.R. 165 stated in pertinent part that:
“ ‘ “BE IT FURTHER RESOLVED, That in accordance with Section 125 of the Constitution of 1901, this resolution relating to a proposed constitutional amendment and the election thereon, does not require the signature of the Governor and the original of same shall not be sent to him”; and
“ ‘WHEREAS, any purported executive veto of any order, vote or resolution on questions of, inter alia, “the bringing on of elections by the two houses and amending this Constitution” can be only a nullity and is without the constitutional authority of the Governor; now therefore,
“ ‘BE IT RESOLVED BY THE LEGISLATURE OF ALABAMA, BOTH HOUSES THEREOF CONCURRING, That we do, in accordance with Sections 125, 284 and 287, Constitution of Alabama 1901, return H.J.R. 165, 1982 Regular Session, to the Secretary of State and hereby direct that he assign an Act number to said H.J.R. 165, abide by the requirements prescribed and keep such document which relates to amending the Constitution and election date called therefor within the exclusive possession of his official capacity, so that the ballot shall be prepared and the date proclaimed as designated in H.J.R. 165, 1982 Regular Session.’ ”
“(e) On July 16,1982, without prior certification by the Secretary of State in meeting the requirements of Section 284, as amended by Amendment 24, of the Consti *109 tution of 1901, ‘that the election shall be held in all things in accordance with the law governing general elections,’ and as provided by Section 17-7-1, the Honorable Fob James, Governor, proclaimed ‘Tuesday, the 7th day of September 1982’ as the election date on said Act No. 81-889, and ordered advertising to commence in each county four successive weeks next preceding the election.
“(f) The Legislature convened, in response to the Governor’s proclamation, in its Third Special Session 1982 on August 9, 1982, and, H.J.R. 9 was introduced and is pending which provides in pertinent part:
“ ‘That the election date at the first primary or general election in 1984, as designated by Act No. 82-414, H.J.R. 165, 1982 Regular Session, and Act No. 82-413, H.J.R. 386,1982 Regular Session, are hereby rescinded and the said constitutional amendment proposed by Act No. 81-889, S. 32 of the First Special Session 1981 (Acts, 1981 Special Session, p. 24), shall be on the ballot at the first general election in 1984.’
“The questions are:
“1) Is proclaiming the September 7,1982, election on Act No. 81-889 within the valid competence of the Governor and a valid appointment within the meaning of Section 284 of the Constitution of 1901, as amended, requiring the Governor to proclaim such election ‘in such manner as the Legislature shall direct * * * and the election shall be held in all things in accordance with the law governing general elections?’
“2) Was the redesignation of the election date of said Act No. 81-889, supra, on ‘the ballot at the first primary or general election in 1984’ by said Act Nos. 82-414 and 82 — 413 within the competence of the Legislature and a valid appointment pursuant to said Section 284 of the Constitution of 1901, as amended?
“3) Does the proclaiming of September 7, 1982, as the election date on said Act No. 81-889 by the Governor contravene Section 42 of the Constitution and constitute an encroachment by the executive branch of the powers of the legislative branch of government and thereby render the results of such election null and void?
“4) Was March 2, 1982, the only valid appointment of an election on said Act No. 81-889?
“5) Is it within the competence of this Legislature at this 1982 Third Special Session, pursuant to Section 284 of the Constitution of 1901, as amended, to redesignate the appointment date on the election of Act No. 81-889 at the general election of 1984, and thereby rescind the earlier election dates even if the Governor has invalidly proclaimed September 7, 1982, for the election?”
In our judgment these five questions are but various ways of asking the question, “Can the legislature change the date of election for a proposed amendment to the Constitution by resolution?” This question has been answered in the affirmative in Opinion of the Justices, 275 Ala. 372, 155 So.2d 329 (1963):
“Your inquiry, ‘Is it within the competence and power of the Legislature at this session by resolution to change the date of holding the election on the constitutional amendment proposed in Act No. 91, H. 37, Second Special Session of 1963?’, is answered in the affirmative. Your resolution H.J.R. 86, proposing to change the date of holding the election on such constitutional amendment is, therefore, valid.
“The present Legislature is the same Legislature which passed Act No. 91 in its Special Session. We see no constitutional impediment in the same Legislature at this succeeding Regular Session changing the date for holding the election on the proposed amendment. Our answer would probably be in the negative if a different Legislature should pass the proposed resolution.
“The legislative process with respect to constitutional amendments is not the exercise of the power of the Legislature to make laws, but is merely to propose such amendments to the consideration and judgment of the electorate and such a *110 proposition is ineffectual unless the requisite majority of the electorate affirmatively approves the proposition submitted. Moreover, the proposal and submission of such amendments may be made by resolution.
“The following authorities support this conclusion: Opinion of the Justices, 252 Ala. 205, 40 So.2d 623; Opinion of the Justices, 252 Ala. 89, 39 So.2d 665; Doody v. State, 233 Ala. 287, 171 So. 504; Opinion of the Justices, 227 Ala. 296, 149 So. 781; Jones v. McDade, 200 Ala. 230, 75 So. 988.”
This opinion and others on the subject may be found by reference to the annotations to Code 1975, Constitution of 1901, Amendment 24 (Amendment of § 284).
In regard to the governor’s attempt to proclaim the election for September 7,1982, we point out that under the Constitution only the legislature has authority to fix the date for holding an election, Amendment 24, supra. Opinion of the Justices, 251 Ala. 78, 36 So.2d 499 (1948). The governor does not have authority to approve or disapprove acts or resolutions proposing constitutional amendments. Constitution of 1901, § 287.
Therefore, we are of the opinion that the legislature, by resolution, may validly and constitutionally redesignate the election date for the amendment proposed by Act No. 81-889.
Respectfully submitted,
C. C. TORBERT, Jr. Chief Justice
HUGH MADDOX RENEAU P. ALMON JANIE L. SHORES T. ERIC EMBRY SAM A. BEATTY Justices