MOORE, Chief Justice
(concurring specially).
I agree with my colleagues that the temporary restraining order entered by the Montgomery Circuit Court should be vacated and that both the underlying case and this appeal should be dismissed. I write specially to explain that the members of the Alabama Legislature and their actions taken in the legislative process are immune from attack and that the judicial branch has no authority to interfere.

I. Separation of Powers

“It is important, likewise, that the habits of thinking in a free Country should inspire caution in those entrusted with its administration, to confine themselves within their respective Constitutional spheres; avoiding in the exercise of the Powers of one department to encroach upon another.” George Washington, Farewell Address (1796), in Matthew Spalding & Patrick J. Garrity, A Sacred Union of Citizens 182 (1996). Embodying this nonencroachment principle, the Alabama Constitution commands that “the judicial [department] shall never exercise the legislative and executive powers, or either of them.... ” Ala. Const.1901, art. III, § 43. See In re R.B.J., 675 So.2d 457, 458 (Ala.Civ.App.1996) (“The separation of powers doctrine ... is incorporated in Ala. Const.1901, Art. Ill, § 42 and § 43.”). The Constitution further commands that “[t]he powers of the government ... shall be divided into three distinct departments, each of which shall be confided to a separate body-” Ala. Const.1901, art. Ill, § 42. “The words ‘distinct’ and ‘separate’ are devoid of meaning if one branch can arbitrarily impose restrictions on another branch.” Parker v. Amerson, 519 So.2d 442, 446 (Ala.1987).
By enjoining the legislative process itself, rather than a duly enacted law, the circuit judge in this case violated the separation-of-powers provision of the Alabama Constitution. “Every bill which shall have passed-both houses of the legislature ... shall be presented to the governor....” Ala. Const.1901, art. V, § 125. By prohibiting the clerk of the House of Representatives from presenting House Bill 84 to the governor for consideration, the trial court directly interrupted the legislative process.
The Alabama Constitution, which provides a detailed mandate for the enactment of legislation, see Ala. Const.1901, art. IV, §§ 61-64, 66, 70-71, does not provide for judicial review during the legislative process. Nor may courts force the legislature to obey its own rules. “ ‘Rules controlling legislative procedure are usually formulated or adopted by legislative bodies themselves, and the observance of such rules is a matter that is entirely subject to legislative control and discretion, and is not subject to review by the courts.’” Town of Brilliant v. City of Winfield, 752 So.2d 1192, 1198 (Ala.1999) (quoting 73 Am. Jur.2d Statutes § 49 (1974)).
The Alabama Constitution grants the legislature exclusive power over its own rules. “Each house shall have power to determine the rules of its own proceedings .... ” Ala. Const.1901, art. IV, § 53. See Birmingham-Jefferson Civic Ctr. Auth. v. City of Birmingham, 912 So.2d 204, 218 (Ala.2005) (“[T]he Constitution *1121 clearly grants to the legislature the power to determine the rules of its own proceedings.”).
“As a coordinate branch of government the Senate of Alabama has the right and power under the specific provisions of Section 53 of the Constitution to enact rules governing its proceedings. This power is unlimited except as controlled by other provisions of our Constitution. And unless controlled by other constitutional provisions the courts cannot look to the wisdom or folly, the advantages or disadvantages of the rules which a legislative body adopts to govern its own proceedings.”
Opinion of the Justices No. 185, 278 Ala. 522, 524-25, 179 So.2d 155, 157-58 (1965). Because the courts have no power to review legislative rules, they also lack the power to compel “ ‘the observance of such rules.’” Town of Brilliant, 752 So.2d at 1198 (quoting 73 Am.Jur.2d Statutes § 49). Whether the legislature has followed its own rules “ ‘is not subject to review by the courts.’ ” Id.
Although judicial power is available to review a bill once enacted, the separation-of-powers provisions in the Alabama Constitution prohibit the judiciary from examining or coercing the legislative process itself. In Alabama Citizens Action Program v. Kennamer, 479 So.2d 1237 (Ala.1985), this Court “refus[ed] to enforce rules of the house of representatives,” id. at 1240, noting that it had “no authority to go beyond the legislative journals and look at extrinsic evidence attacking the regularity of the bill’s enactment.” Id. The judiciary has no power to judge the internal processes of the legislature, only its final product. Like a customer at a restaurant, it may judge the quality of the fare presented at its table but may not go into the kitchen and oversee the chefs preparation. Because courts may not scrutinize the process by which the legislature produces its results, the internal proceedings of the legislature, unless the Constitution commands otherwise, are not subject to judicial scrutiny. Birmingham-Jefferson Civic Ctr. Auth., 912 So.2d at 220-21 (“[U]ncertainty and instability would result if ... the internal proceedings of the legislature when passing a bill were to be subject to judicial challenge.”).

II. Legislative Immunity

The Alabama Constitution provides: “Members of the legislature ... for any speech or debate in either house shall not be questioned in any other place.” Ala. Const.1901, art. IV, § 56 (entitled “Immunity of legislators”). Former Chief Justice Torbert, explicating the meaning of art. IV, § 56, in 1983, observed that § 56 was “virtually identical” to art. I, § 6, of the United States Constitution. Marion v. Hall, 429 So.2d 937, 944 (Ala.1983) (Tor-bert, C.J., concurring specially). Article I, § 6, provides that senators and representatives “for any Speech or Debate in either House ... shall not be questioned in any other Place.”
Chief Justice Torbert then quoted Supreme Court precedent on the import of the Speech or Debate Clause of the United States Constitution: “‘The immunities of the Speech or Debate Clause were not written into the Constitution simply for the personal or private benefit of Members of Congress, but to protect the integrity of the legislative process by insuring the independence of individual legislators.’ ” *1122 Marion, 429 So.2d at 944 (Torbert, C.J., concurring specially) (quoting United States v. Brewster, 408 U.S. 501, 507, 92 S.Ct. 2531, 38 L.Ed.2d 507 (1971) (emphasis added)). Noting that “legislative immunity extends beyond mere statements made in the legislative chambers,” 429 So.2d at 944, Chief Justice Torbert quoted Brewster as follows: “ ‘It is beyond doubt that the Speech or Debate Clause protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts.’” Id. (quoting Brewster, 408 U.S. at 525.
Because the Speech or Debate Clause in the Alabama Constitution is identical in substance, and virtually identical in wording, to the federal Speech or Debate Clause, federal decisions construing the federal clause should be “highly persuasive” in understanding the meaning of § 56. See, e.g., City of Birmingham v. City of Fairfield, 396 So.2d 692, 696 (Ala.1981) (“We have said that since the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama Rules.”). Chief Justice Torbert in his special writing in Marion quoted further from Brewster:
“ ‘Careful examination of the decided cases reveals that the Court has regarded the protection as reaching only those things “generally done in a session of the House by one of its members in relation to the business before it,” Kilbourn v. Thompson, supra, [103 U.S. 168] at 204 [26 L.Ed. 377], or things “said or done by him, as a representative, in the exercise of the functions of that office,” Coffin v. Coffin, 4 Mass. 1, 27 (1808).’ ”
Marion, 429 So.2d at 944 (quoting Brewster, 408 U.S. at 513.[1] In Hillman v. Yarbrough, 936 So.2d 1056, 1062 (Ala.2006), this Court adopted the reasoning of Brewster, stating: “The Alabama Constitution of 1901, § 56, affords absolute legislative immunity to members of the legislature....” Id. Actions in legislative committee meetings are also covered by the privilege. ‘“To find that a committee’s investigation has exceeded the bounds of legislative power it must be obvious that there was a usurpation of functions exclusively vested in the Judiciary or the Executive.’ ” Marion, 429 So.2d at 945 (Torbert, C.J., concurring specially) (quoting Tenney v. Brandhove, 341 U.S. 367, 378, 71 S.Ct. 783, 95 L.Ed. 1019 (1951)).
The “highly persuasive” federal precedent set out by Chief Justice Torbert in his special writing in Marion and quoted approvingly by this Court in Hillman should inform our interpretation of § 56 of the Alabama Constitution. The “integrity of the legislative process,” Brewster, 408 U.S. at 507, is as important to Alabama as it is to the nation. Accordingly, under the Speech or Debate Clause of the Alabama Constitution, our state legislators are im *1123 mune from all judicial “inquiry into acts that occur in the regular course of the legislative process.” Brewster, 408 U.S. at 525. This immunity extends to things “generally done in a session of the House by one of its members in relation to the business before it,” Kilbourn v. Thompson, 103 U.S. 168, 204, 26 L.Ed. 377 (1881), and thus includes the actions of the conference committee in this case and the votes taken on House Bill 84 by the House and the Senate. Any provision of the Open Meetings Act incompatible with this constitutional immunity of the legislature is inoperable. See Bassett v. Newton, 658 So.2d 398, 400 (Ala.1995) (“[T]he Alabama constitution has priority over the state Code.”). A remedy, if needed, lies not in the courts, but in the political processes.

III. Conclusion

Not only does the judiciary, under the doctrine of separation of powers, lack authority to interfere with the legislative process, but the legislators are also clothed by the Alabama Constitution with a cloak of immunity that shields them from judicial usurpation.

. Early in our history Thomas Jefferson and James Madison explained the purpose of the Speech or Debate Clause:
" 'That in order to give to the will of the people the influence it ought to have, and the information which may enable them to exercise it usefully, it was a part of the common-law, adopted as the law of this land, that their representatives, in the discharge of their functions, should be free from the cognizance or coercion of the coordinate branches, Judiciary and Executive.' "
Steven F. Huefner, The Neglected Value of the Legislative Privilege in State Legislatures, 45 Wm. & Mary L.Rev. 221, 232 (2003) (quoting Thomas Jefferson & James Madison, “Protest to the Virginia House of Delegates” in 8 Works of Thomas Jefferson 322-23 (1797), reprinted in 2 The Founders' Constitution 336 (Philip B. Kurland & Ralph Lemer eds., 1987) (emphasis added)).